THE CITY OF BUFFALO, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant. (Action No. 1.)

SAME, Respondent, *v.* SAME, Appellant.   (Action No. 2.)

1. MUNICIPAL ORDINANCES. Municipal ordinances passed in pursuance of authority from the legislature have the force of law and are as obligatory as if enacted by the legislature itself.

2. REGULATION OF SPEED OF RAILROAD TRAINS. A regulation, by ordinance, which requires railroad trains to cross the streets of a populous city at a rate of speed not to exceed six miles per hour, is a reasonable one on its face.

3. EXCEPTION FROM REGULATION. An exception from a municipal ordinance regulating the speed of railroad trains in crossing streets is not unfair, discriminating or unreasonable, as matter of law, where it prevents inconvenience to the public, as, by exempting from the restriction local passenger trains, upon a belt line operated for the convenience of local traffic at a special fare fixed by statute, while operative against all other trains.

4. ACTION FOR PENALTY — DEFENSE. It is no defense to an action for a penalty under a municipal ordinance regulating the speed of railroad trains, for the defendant company to show that other companies are violating the ordinance and are not prosecuted.

5. ORDINANCE REQUIRING TRAINS TO STOP BEFORE CROSSING CERTAIN STREETS — UNFAIR DISCRIMINATION. *It seems,* that a municipal ordinance against railroad trains crossing certain streets without first stopping, applicable on its face to all railroads without exception, is an unfair discrimination against the particular railroad which crosses the streets named, where it is shown that such streets are but little frequented and are crossed by no other railroad, while all other railroads are permitted to cross more frequented streets without any such restriction.

6. APPEAL — ACTIONS FOR PENALTIES — FAILURE TO PRESENT QUESTION OF LAW. When two actions for penalties, based upon an alleged violation of two distinct ordinances, are tried together upon the same evidence, and a general judgment is rendered in each case, it is not the province of the Court of Appeals, in the absence of some specific motion or request, or ruling which presents the question of law, to undertake to separate what is legal from what is illegal.

7. APPEAL — JUSTICE'S COURT ACTION. The Court of Appeals will not reverse the action of a justice of the peace, any more than it will the action of any other court, except upon some question of law distinctly presented in some form at the trial.

*City of Buffalo* v. *N. Y., L. E. & W. R. R. Co.,* 6 Misc. Rep. 630, affirmed.

(Argued January 27, 1897; decided March 23, 1897.)

APPEALS, by permission, from judgments of the General Term of the Superior Court of Buffalo, entered November 3, 1894, which affirmed judgments in favor of plaintiff rendered in the Municipal Court of Buffalo.

The nature of the actions, and the facts, so far as material, are stated in the opinion.

*George F. Brownell* for appellant. The defendant cannot be convicted of the offenses charged in the complaints in these actions, for the reason that the violations of the ordinances, if committed, were not only without the consent or authority of the defendant, expressed or implied, but were done in violation of its express orders. (Horr & Bemis on Mun. Police Ordinances, 118 ; Pierce on Railroads, 277 ; *Cooper* v. *Slade*, 6 H. L. 793 ; *Harrison* v. *Leaper*, 5 L. T. 640 ; *Comm.* v. *O. R. R. Co.*, 1 Grant, 329 ; *Satterfield* v. *W. U. T. Co.*, 23 Ill. App. 276 ; *De Camp* v. *M. M. R. R. Co.*, 12 Iowa, 348 ; *Cook* v. *I. C. R. R. Co.*, 30 Iowa, 202 ; *Vanderbilt* v. *R. T. Co.*, 2 N. Y. 479 ; *Wright* v. *Wilcox*, 19 Wend. 345 ; *Naylor* v. *Galesburgh*, 56 Ill. 287 ; *Baldwin* v. *City of Chicago*, 68 Ill. 418 ; *Wiggins* v. *City of Chicago*, 68 Ill. 372.) Section 1 and the last paragraph of section 3 of chapter 5 of the ordinances are illegal and void for the reason that they are unreasonable. (*Logan* v. *Pyne*, 43 Iowa, 525 ; *Minturn* v. *Larue*, 23 How. [U. S.] 436 ; *C. R. B. Co.* v. *W. B. Co.*, 11 Pet. 420 ; *State* v. *G. L. Co.*, 18 Ohio St. 262 ; *Dunham* v. *Vil. of Rochester*, 5 Cow. 462 ; Cooley's Const. Lim. 234, 243 ; *People ex rel.* v. *Medical Society of Erie*, 24 Barb. 570 ; 32 N. Y. 187 ; Angell & Ames on Corp. 268 ; 1 Dillon on Mun. Corp. § 320 ; *Commissioners* v. *Gas Co.*, 12 Penn. St. 318 ; *In re Frazee*, 63 Mich. 406, 407 ; *Corrigan* v. *Gage*, 68 Mo. 541, 544 ; *City of St. Louis* v. *Weber*, 44 Mo. 547.) An ordinance to be valid must be impartial, fair and general. The ordinance in question is illegal and void because it is partial and unfair, and because it is not general in its provisions, but makes unnecessary and unwarranted discriminations between persons similarly situated in all respects. (Dil-

lon on Mun. Corp. § 322; *Tugmen* v. *City of Chicago*, 78 Ill. 405; *City of Chicago* v. *Rumpff*, 45 Ill. 90; *City of East St. Louis* v. *Wehrung*, 46 Ill. 392; *Zanone* v. *Mound City*, 103 Ill. 556; *Waite* v. *Garston*, L. R. [3 Q. B.] 5; *Mayor, etc., of Hudson* v. *Thorne*, 7 Paige Ch. 261, 263; *Russ* v. *Mayor, etc.*, 12 N. Y. Leg. Obs. 38; *Barling* v. *West*, 29 Wis. 307; *Comm.* v. *Hatch*, 97 Mass. 221; *Yick Wo* v. *Hopkins*, 118 U. S. 356–373; *E. S. L. C. R. Co.* v. *E. S. L. U. R. Co.*, 118 Ill. 265.)

*Charles L. Feldman* for respondent. The defendant railroad company is liable in an action to recover a penalty for the violation of city ordinances committed by its agents or servants while acting in the general scope of their employment. (*Mott* v. *C. Ice Co.*, 73 N. Y. 543; *Quinn* v. *Power*, 87 N. Y. 535; *Ochsenbein* v. *Shapley*, 85 N. Y. 214; *Limpus* v. *L. G. O. Co.*, 1 H. & C. 526; *Seymour* v. *Greenwood*, 6 H. & N. 359; *Shea* v. *S. A. R. R. Co.*, 62 N. Y. 180; *Jackson* v. *S. A. R. R. Co.*, 47 N. Y. 274; *V. C. C. Co.* v. *Murtaugh*, 50 N. Y. 314; *Davis* v. *Bemis*, 40 N. Y. 453, note; Story on Agency, § 452; *United States* v. *Boss*, 1 Cranch, 101; *United States* v. *Conner*, 1 Cranch, 102.) The city of Buffalo has power under its charter to enact ordinances to prohibit or regulate the use of locomotives, engines, and all steam, and to regulate other, motive power and speed, on any portion of any railroad within the city, and require any railroad company to keep a flagman or gates at each of its crossings of a public street. (Dillon on Mun. Corp. §§ 141, 393, 713, 714; *B. & N. F. R. R. Co.* v. *City of Buffalo*, 5 Hill, 209; *R. F. & P. R. Co.* v. *Richmond*, 96 U. S. 528; *Comm.* v. *Nicholas*, 10 Mich. 259; *Thorpe* v. *Rutland*, 27 Vt. 140.) The ordinance is reasonable, and the motives of the common council in enacting the same, cannot be inquired into. (*R. F. & P. R. Co.* v. *Richmond*, 96 U. S. 528; Dillon on Mun. Corp. [4th ed.] § 311; Cooley's Const. Lim. [6th ed.] 163–220; *People ex rel.* v. *Lawrence*, 36 Barb. 177; *People* v. *N. Y. C. & H. R. R. R. Co.*, 84 Barb. 123; *People ex rel.* v. *Draper*, 15 N. Y.

532–545; Horr & Bemus Mun. Police Ord. § 128; *Cronin* v. *People*, 82 N. Y. 323; *Mayor, etc.*, v. *D. D., E. B. & B. R. R. Co.*, 39 N. Y. S. R. 105; *T. H. Co.* v. *Trenton*, 53 N. J. L. 132; *Twilley* v. *Perkins*, 77 Md. 632; *Soon Hing* v. *Crowley*, 113 U. S. 703; *Barbier* v. *Connolly*, 113 U. S. 27.) The ordinances in question are such as are proper and necessary to protect the lives and property of the citizens of Buffalo. (*A., T. & S. F. R. Co.* v. *Headland*, 18 Col. 477; *G., C. & S. F. R. Co.* v. *State of Texas*, 72 Tex. 404; *Skelly* v. *N. Y. El. R. R. Co.*, 7 Misc. Rep. 91; *Bookman* v. *N. Y. El. R. R. Co.*, 137 N. Y. 302; L. 1883, ch. 406; *Bretz* v. *Mayor, etc.*, 6 Robt. 325; Dillon on Mun. Corp. [4th ed.] §§ 420, 421.)

O'Brien, J.  The plaintiff brought two actions against the defendant in the Municipal Court of Buffalo to recover penalties for violation of two distinct sections of the city ordinances. In one of the actions the recovery was $50, and in the other $100. Both actions were tried together, at the same time and upon the same evidence. The judgments have been affirmed by the Superior Court of that city, and leave was granted to the defendant to appeal to this court. One of the ordinances imposes a penalty of $50 for running cars at a greater rate of speed than six miles an hour by any steam railroad across any public street at grade. From the operation of this provision any passenger train running on the Belt Line of the New York Central and Hudson River railroad is excepted. There were two penalties recovered under this ordinance; that is, one penalty in each case. The other ordinance imposes a penalty of $50 for any passenger train to cross either of five designated streets in the city without first coming to a full stop. There was a recovery of one penalty for a violation of this provision, and this penalty enters into the judgment of $100.

The only defense to the actions necessary to notice here is that the ordinances are unreasonable and that they were enacted for the purpose of discriminating unlawfully against the defendant. The record contains no specific findings of fact, nor any request to find, and no motion for a nonsuit or

for judgment at the close of the case was made on the ground suggested, nor upon any other specific ground. Of course, every intendment and presumption is in favor of the judgment. We have no power to review the facts, but are confined to questions of law presented by the record, and since there was no motion for a nonsuit or for judgment, or any request to the trial court to rule or decide upon any state of facts which the defendant claims to be conclusively established, it is difficult to see how this court can deal with many of the questions discussed by the learned counsel for the defendant in the sense that his argument would seem to demand. We are practically asked to examine all the testimony in the record for the purpose of discovering some fact upon which to base a reversal of the judgment, or the absence of some fact for the same purpose.

The only questions of law that appear upon the record are, first, the power of the common council under the charter of the city to pass ordinances for the purpose of regulating the speed of railroad trains passing through the city; and there can be no doubt with respect to the existence of that power, for it is specifically conferred by the statute. Nor is there any doubt with respect to the fact that the governing body of the city enacted the ordinances and promulgated them in such form as to become binding upon the defendant. Municipal ordinances passed in pursuance of authority from the legislature have the force of law and are as obligatory as if enacted by the legislature itself. That a regulation which requires railroad trains to cross the streets of a populous city at a rate of speed not to exceed six miles per hour is a reasonable one on its face, is a proposition too plain for argument. The only question that arises with respect to the ordinance regulating the rate of speed is whether it is vitiated by the exception in favor of the Belt Line carrying passengers. The Belt Line, properly speaking, operates local trains for the convenience of local traffic, and by statute the fare is limited to five cents for each passenger from point to point on any part of the line. The exception obviously refers to these

trains and to no other; and, inasmuch as the restriction in regard to speed might operate to the inconvenience or detriment of citizens using these local trains, it was in the discretion of the common council to make the exception in their favor. The circumstances called upon them to decide whether or not it was proper and in the public interest to permit the general words of the restriction to apply to these trains, and we cannot say, under the circumstances, that their decision in in that respect was unreasonable. There was a situation which, if the by-law was general, might operate to the inconvenience of the public. So it cannot be said, as matter of law, that this exception was unfair, discriminatory or unreasonable.

But it is said that other railroad companies in entering and leaving the city use the track of this Belt Line, and that they are allowed to run their trains at a greater rate of speed than six miles an hour. That, if true, proves nothing more than that the city does not enforce its ordinance against those companies, or at least did not enforce it prior to the commencement of this action. It is no defense to such an action for the defendant to show that other parties are violating the ordinance and are not prosecuted. They are liable to be prosecuted, if we are right in the construction of the ordinance, and we should give to it such construction as would make it legal and reasonable, rather than illegal and unreasonable. We think it not only operated upon the defendant, but upon every other railroad as well, except the Belt Line local trains for which a five-cent fare was charged, and all trains, except these local Belt Line trains, come within the restriction of the ordinance, as well as the defendant, and are subject to the same penalties. So we think that the exception in favor of these particular local trains was a matter in the discretion of the governing body of the city. It was for them to judge whether the convenience of the citizens justified the exception. The presumption is that the discretion was fairly exercised, and this court would not be warranted in weighing the evidence in order to discover some motive of hostility to the defendant, or favoritism to some other road, which it is alleged actuated the

36

members of the common council in passing the ordinance and in making the exception.   It is enough for us to know that there was power to enact the ordinance, and at the same time to restrict its general scope by any exception that commended itself to the wisdom and discretion of the council.   Such an exception does not, as matter of law, render the ordinance illegal, and the extraneous proof was not of such a character as to require the justice to decide that the exception was made for the purpose of discriminating against the defendant, or for any other purpose or motive that would render it unreasonable.

The ordinance against crossing certain streets named before coming to a full stop, is not unreasonable upon its face, and there is no finding that it is so in fact, but the contrary is to be implied from the judgment.   We think, however, that, upon the undisputed facts disclosed at the trial, this ordinance, while reasonable and fair upon its face, was in fact intended to operate and does operate unreasonably against the defendant. The five streets to which it applies are streets crossed by the defendant only.   Other streets of the city crossed by other railroads, where the necessity for the ordinance would seem to be greater, are not included in it.   An examination of the record and the extraneous proof satisfies us that this ordinance was aimed at the defendant, and the defendant alone, and it is difficult to resist the conclusion that the purpose was to discriminate unfairly against one railroad, and such is the obvious effect of the restriction.   While the ordinance against crossing certain streets without first coming to a stop is general, and upon its face applies to all railroads without exception, still when the extraneous proof is examined it will be found that the five streets selected are located in a remote part of the city, little used, and that happen to be crossed by no road but the defendant's, and, in fine, all the facts and circumstances are such as to leave but little doubt that, for some reason, the ordinance was intended to apply to the defendant alone. When all other railroads are permitted to cross much more important and populous streets without any such restriction, the conclusion that it operates unfairly and unreasonably

against the defendant is, we think, inevitable. But we do not see how the question is presented for our action. The defendant made no motion for a nonsuit on any such ground, and made no motion for judgment at the close of the case; and if such motion had been made, inasmuch as the two ordinances were involved in the same action, the court could not have passed upon the point intelligently, in the absence of some special request to separate what was valid from what was invalid. This particular ordinance is involved in only one of the actions, and the penalty for its violation was joined with a demand for a penalty for violation of the ordinance in regard to speed. Since the latter ordinance was legal it would follow, at most, that the error, if any, was in awarding judgment for too large a sum — that is, for two penalties instead of for one penalty. But there was no proper motion or request that brought this point to the attention of the justice. If the defendant had requested the court to hold the ordinance requiring trains to come to a full stop to be unreasonable and illegal, and, hence, that no penalty could be based upon it, and he had refused to so rule and decide, we think the decision would have been erroneous. But as the two cases were tried together, and the evidence applied to one as well as the other, the defendant, in the absence of any such request or motion, cannot now be heard to impeach the judgment, as it has waived the point. (*Smith* v. *Hill*, 22 Barb. 656; *Austin* v. *Burns*, 16 Barb. 643; *Oakley* v. *Van Horn*, 21 Wend. 305.) The trial court has passed upon the whole case, but an item has entered into the judgment in one of the cases which, if the attention of the court had been called to the point, ought to have been excluded. When two actions, based upon an alleged violation of two distinct ordinances, are tried as these were, and a general judgment rendered in each case, it is not the province of this court, in the absence of some specific motion or request, or ruling which presents the question of law, to undertake to separate the good from the bad, or what is legal from what is illegal. That question should have been distinctly presented to the trial court, and a

ruling had thereon.   Whatever power might have existed in the court below to review the facts and examine the evidence, and to take the place of the trial court, it is not true that this court possesses or ought to exercise any such power.   This court will not reverse the action of a justice of the peace, any more than it will the action of any other court, except upon some question of law distinctly presented in some form at the trial.   It can review only such erroneous rulings or conclusions of law as appear from the record ; and, inasmuch as there were no rulings whatever with respect to the validity of this particular ordinance, we have no power to interfere with the judgment.

For these reasons we think that both judgments should be affirmed.

BARTLETT, J. (dissenting).   I am of the opinion that the ordinances of the city of Buffalo under consideration are discriminating and unjust as to the defendant in the manner in which they are drawn, enforced and practically construed, and are, therefore, illegal and void.

When the city of Buffalo is prepared to enforce its ordinances as to the speed and stoppage of trains at street crossings with equal hand against all railroad companies entering and leaving its corporate domain, there will be no legal obstacle to the exercise of all those just and reasonable powers in the premises which properly belong to every municipality.   .

This trial was in Justices' Court, and the suggestions in the prevailing opinion as to findings and requests to find are, as it seems to me, without force.

I think the motion to nonsuit was duly made and subsequently denied by the final decision of the justice, who reserved his ruling thereon at the trial.

Both judgments should be reversed.

ANDREWS, Ch. J., GRAY and VANN, JJ., concur with O'BRIEN, J., for affirmance.

HAIGHT and MARTIN, JJ., concur with BARTLETT, J., for reversal.

Judgments affirmed.