## PEOPLE v. VAN FRADENBURGH.

(Supreme Court, Appellate Division, Third Department.   March 11, 1903.)

1. BOARD OF HEALTH—ORDERS—VALIDITY—COLLECTION OF REFUSE.
     In the absence of proof that fresh refuse from a sanitarium for con-
   sumptives was more dangerous to the community when collected and ex-
   posed as food for hogs and fowls than fresh refuse collected from a hotel
   or other public house, a village board of health had no power to prohibit
   defendant from collecting such refuse from such sanitarium and convey-
   ing the same through the village.

Appeal from Sullivan county court.

Edward Van Fradenburgh was convicted of willfully violating a
lawful order of a board of health, and he appeals.   Reversed.

The defendant was indicted for a misdemeanor in willfully violating a
lawful order of the board of health of the village of Liberty, Sullivan county,
N. Y.   The crime is claimed to have been committed under section 397 of
the Penal Code, which provides that a person who willfully violates, or re-
fuses or omits to comply with, any lawful order or regulation prescribed by
any board of health, is punishable by imprisonment not exceeding one year,
or a fine not exceeding $2,000.

The defendant had been collecting from the Loomis sanitarium for con-
sumptives refuse from the table and kitchen, and depositing it upon his prem-
ises for consumption by his chickens and hogs.   This refuse was allowed to
stand for such a time that it created a bad stench, and, after having been
duly notified, he was directed by the board of health to remove the same from
his premises, and was forbidden from drawing into the corporate limits of
said village of Liberty any more of such refuse from said sanitarium.   He
did remove what was then upon his premises, but, in disobedience of the
order of the board of health, he did draw further refuse from the sanitarium
upon the said premises in the village of Liberty.   For this he was indicted
and convicted.

Argued before PARKER, P. J., and SMITH, LYON, CHASE,
and CHESTER, JJ.

W. J. Groo, for appellant.

Frank S. Anderson, for the People.

SMITH, J.   The gist of the crime of which the defendant has
been committed is the disobedience of a lawful order of the board of
health.   Unless, then, the order disobeyed was one lawfully made by
the board of health, the defendant has been guilty of no crime.   There
is no proof that this refuse from the sanitarium for consumptives
is any more dangerous to the community when exposed than the
refuse from any hotel, and we cannot assume such to be the fact in
sustaining this conviction.   Has the board of health, then, the right
to forbid a person from bringing into the village refuse from a hotel
or any other public house?   Under the evidence in this case, such
refuse, while it is fresh, is wholesome food for hogs and fowls.   The
menace to the public health lies in permitting it to remain until it
decays and throws off a stench which is prejudicial to the comfort
of the community, if not to its health.   As long, therefore, as the
mere bringing into the community of fresh refuse from a public place
has in it no element of threatened danger to the public health or com-
fort, I am unable to see by what authority the board of health is per-

mitted to prohibit the same. For this reason the people have failed to prove the commission of a crime, and the judgment of conviction must be reversed.

Judgment and order reversed, and new trial granted. All concur.