THE PEOPLE ex rel. GEORGE LODES, Relator, *v.* THE DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK, Respondent.

(Supreme Court, Kings Special Term, June, 1906.)

Certiorari — When the writ lies — Proceedings of board of health — When not reviewable.
Health — Health boards and sanitary officers — Liability of board and individual members.

> The action of the department of health of the city of New York, in preventing one from carrying on the business of selling milk in said city, although it may involve the exercise of judgment and discretion, is not a judicial determination and, in the absence of statutory authority, is not reviewable by certiorari.
>
> The statutory right to carry on the business of selling milk is, in the interests of public health, subject to the exercise of the police power of the State.
>
> Where, as a matter of fact, the public health is not imperiled by the manner in which one carries on the business of selling milk, the summary action of a board of health in preventing the owner of such business from carrying it on cannot make it so; and

interference by the board with such business subjects its members to the same perils and liabilities as an individual who interferes with a lawful business.

It seems that, if the party proceeded against by the board of health established a clear legal right to carry on such business without interference, mandamus would lie to compel the board of health to issue the necessary permits.

APPLICATION for a writ of certiorari.

Albert R. Moore, for relator.

William Hughes, for respondent.

BURR, J. It is conceded that there is no statute expressly authorizing the issue of a writ of certiorari to review the action of the board of health in preventing relator from carrying on the business of selling milk in the city of New York. In the absence of such statutory authority, unless entitled to a common-law writ, he is not entitled to this remedy for the wrong which may have been done to him. Code Civ. Pro. § 2120. A common-law writ is only available to review an act judicial in its character. The fact that a public board or agent exercises judgment and discretion in the performance of duties does not necessarily make the action judicial in character. People ex rel. Second Avenue Railroad Company v. Board of Park Commissioners, 97 N. Y. 37; People ex rel. Trustees v. Board of Supervisors of Queens County, 131 id. 468.

A judicial proceeding implies a hearing as a matter of right to the person affected thereby. There is no provision of law giving a party a right to a judicial hearing before the board of health. It often acts summarily upon the evidence of the senses of its members, or upon *ex parte* statements of others. Its summary determination that the relator shall not vend milk in the city of New York is not a judicial determination, although it may involve the exercise of judgment and discretion. People ex rel. Copcutt v. Board of Health, 140 N. Y. 1; People ex rel. Savage v. Board of Health, 33 Barb. 344, cited with approval in People ex rel. Trustees. v. Board of Supervisors, 131 N. Y. 468.

The relator is not without remedy. The right to carry on the business of selling milk is a constitutional one. This right can only be interfered with in the exercise of the police power of the State because, in the manner of his conduct of the business or the circumstances surrounding it, the public health is imperilled. If as matter of fact the public health is not thereby imperilled, the summary determination of the board of health does not make it so; and its interference with his business would subject the persons constituting the board to the same perils and liabilities as an individual who interfered with a lawful business. People ex rel. Copcutt v. Board of Health, *supra,* 9. In addition to the remedies to the party aggrieved pointed out in that case, it may be that, if the relator established a clear legal right to carry on the business without interference, mandamus would lie to compel the board to issue the permits which by the Sanitary Code it has made a condition precedent to the conduct of the same.

The application for a writ of certiorari is denied, without costs.

Application denied, without costs.