PEOPLE v. REICHERTER.

(Supreme Court, Appellate Division, Third Department. November 11, 1908.)

1. MUNICIPAL CORPORATIONS (§ 590*)—POLICE POWER—ORDINANCES—EFFECT.
   An ordinance prohibiting the sale or offering for sale of domestic fowls which shall have been in cold storage prior to the removal therefrom of the entrails, etc., adopted by the city of Schenectady as authorized by its charter (Laws 1903, p. 747, c. 371, § 36), authorizing the council to enact ordinances for the government of the city, for the preservation of good order, peace, and health, has the force of law, and is as obligatory as if enacted by the Legislature.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1309; Dec. Dig. § 590.*]

2. MUNICIPAL CORPORATIONS (§ 600*)—ORDINANCES—VALIDITY—POLICE POWER.
   An ordinance of a city prohibiting the sale or offering for sale of stale meat, and prohibiting the sale or offering for sale of domestic fowls which have been in cold storage prior to the removal of the entrails, is a valid exercise of the police power, enacted to promote the public health of the community, and merely regulates the use of property, without destroying it.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1332; Dec. Dig. § 600.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. MUNICIPAL CORPORATIONS (§ 625*)—ORDINANCES—CONSTRUCTION.

A municipal ordinance prohibiting the sale or offering for sale of any domestic fowls which have been in cold storage prior to the removal of the entrails is not unreasonable, in that it applies to fowl recently killed and in wholesome condition, instead of making the prohibition begin at the point when the fowl cease to be wholesome. The ordinance merely transfers from the buyer to the seller the duty of performing that which one or the other must perform.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 625.*]

Appeal from Schenectady County Court.

Charles Reicherter was convicted of violating an ordinance of the city of Schenectady, and from a judgment of the County Court, affirming the conviction, he appeals. Affirmed.

The city ordinance for violating which defendant has been convicted is as follows:

"No person shall sell or expose for sale any unwholesome, stale, emaciated, blown, tainted, putrid or measly meat, fish, clams, oysters, or other provisions, or veal known as bob veal, or sell or expose for sale the carcass or flesh of any calf unless such calf shall have been, at the time it was killed, at least four weeks old, or sell or offer for sale, or have in his possession for the purpose of sale, within this city, any dead domestic fowl, turkey, goose, duck, rabbit or game with the entrails or crop or any part thereof therein, or who shall sell, or offer for sale, any such domestic fowl, turkey, goose, duck, rabbit or game, which shall have been in cold storage prior to the removal therefrom of the entrails or crop, or any part thereof; and any person offending against the provisions of this section shall be punished by a fine of twenty-five dollars and stand committed until such fine be paid, not exceeding twenty-five days."

Defendant conducts a meat market in Schenectady, and his offense consisted in having in his possession for the purpose of sale several dead fowls containing the entrails and crops. These fowls had been dead four or five hours and were in a wholesome condition.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Miles R. Frisbie, for appellant.
Del. B. Salmon, Asst. Corp. Counsel, for the People.

COCHRANE, J. The ordinance in question was enacted pursuant to section 36 of the charter of the city of Schenectady (Laws 1903, p. 747, c. 371), which authorizes the common council of the city to enact ordinances—

"for the government of the city and the management of its business, for the preservation of good order, peace and health, for the safety and welfare of its inhabitants, and the protection and security of their property."

This ordinance, having been passed in pursuance of legislative authority, has the force of law, and is as obligatory as if it were an act of the Legislature. City of Buffalo v. New York, Lake Erie & Western Railroad Company, 152 N. Y. 276, 46 N. E. 496; City of Rochester v. West, 164 N. Y. 510, 58 N. E. 673, 53 L. R. A. 548, 79 Am. St. Rep. 659. The ordinance is a valid exercise of police power, evidently intended to promote the public health and welfare of the community.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is claimed that the prohibition against possession for the purpose of sale should begin at the point when the article ceases to be wholesome, and that the question of wholesomeness or unwholesomeness should be made the test of liability, rather than the mere fact of possession irrespective of that question. Manifestly it would be quite difficult, if not impossible, to fix the line of demarcation between wholesomeness and unwholesomeness in a matter of this kind. The more appropriate test is the reasonableness or unreasonableness of the ordinance, having in view the object sought to be attained and the inconvenience or detriment to the dealer against whom the prohibition exists. The end sought by the ordinance is highly commendable, having in view the health and sanitary welfare of the community. It imposed on the defendant no unreasonable or oppressive duty. It is in no sense destructive of property, but merely regulates its use. It simply transfers from the buyer to the seller the duty of performing that which one or the other must perform, without placing any limitations on the seller as to his right to charge an increased price for the performance of such duty. In People v. Van Fradenburgh, 81 App. Div. 259, 80 N. Y. Supp. 834, the order of the board of health which was condemned prohibited the defendant from bringing into the municipality a wholesome substance and using it for a lawful purpose before it became unwholesome, and which had in it "no element of threatened danger to the public health or comfort." Inasmuch as there was no menace to the health of the community, it was held that the board of health was without power to make the order. It may also be said that, while there was on the one hand no element of threatened danger to the public, on the other hand the order of the board of health constituted a serious and unreasonable interference with the defendant's business. There was no reasonable relation between the benefit sought to be conferred on the public and the injury inflicted on the defendant. That case has no application to the facts here presented.

The judgment of conviction should be affirmed. All concur.