## KNIGHT ET AL. *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF CLAY.

[No. 22,000.    Filed May 28, 1913.]

1. PLEADING.—*Demurrer.*—*Admissions.*—A demurrer to a pleading admits only the facts well pleaded. p. 571.
2. APPEAL.—*Questions Reviewable.*—*Constitutionality of Statute.*— The question of the constitutionality of a statute is never considered on appeal unless the record imperatively requires it by showing some deprivation of a personal or property right guaranteed by the Constitution. p. 571.
3. PLEADING. — *Complaint.*—*Sufficiency.*—*Conclusions.*—An allegation which is a mere conclusion and not warranted by the facts alleged, cannot be considered in determining the sufficiency of a complaint. p. 572.
4. ATTORNEY AND CLIENT.—*Services.*—*Right to Compensation.*— *Defense of Paupers.*—The professional services of a lawyer cannot be demanded without just compensation, and he cannot be compelled to render gratuitous services for pauper defendants in criminal cases. p. 572.
5. APPEAL.—*Record.*—*Complaint.*—*Questions Reviewable.*—*Constitutionality of Statute.*—In an action against a county for legal services rendered to a pauper defendant in a criminal case, where the facts well pleaded show that plaintiff's services were voluntarily rendered, the court on appeal is without power to pass on the constitutionality of §5944 Burns 1908, Acts 1899 p. 343, §27, providing that no court of any county shall have power to bind the county, except by judgment rendered in a cause where the court has jurisdiction, to any extent beyond the amount of money already appropriated for the purposes of such court. p. 572.

From Clay Circuit Court; *John M. Rawley* Judge.

Action by George A. Knight and another against the Board of Commissioners of the County of Clay. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*B. F. Watson, George A. Knight* and *Austin W. Knight,* for appellants.

*C. G. Scofield,* for appellee.

MORRIS, J.—This was an action by appellants, against appellee, for judgment for professional services alleged to have been rendered by appellants in defending one Jesse Sluder, on a charge of murder. On a former appeal of the cause, to the Appellate Court, a judgment in favor of appellants was reversed, and, on petition to transfer the cause to this court, the same was denied. *Board, etc.,* v. *Knight,* 44 Ind. App. 722.

Appellants filed an amended complaint, averring facts, which, appellants claim, present the question of the constitutional validity of §27 of the "County Council Act" of 1899, which reads as follows: "No court, or division thereof, of any county, shall have power to bind such county by any contract, agreement, or in any other way, except by judgment rendered in a cause where such court has jurisdiction of the parties and subject matter of the action, to any extent beyond the amount of money at the time already appropriated by ordinance for the purpose of such court, and for the purpose for which such obligation is attempted to be incurred, and all contracts and agreements, express or implied, and all obligations of any and every sort attempted beyond such existing appropriations shall be absolutely void." §5944 Burns 1908, Acts 1899 p. 343, §27.

It is averred in the amended complaint that Sluder's trial had been set for a certain date; that he was a poor person, unable to employ counsel and had no attorney to defend him; that the State was demanding a trial of the cause, on the day set; that the court at defendant's suggestion, requested appellants to defend Sluder, but, on inquiry, they

discovered that only $125 had been appropriated by the county council, which was available for Sluder's defense, and appellants declined the offered appointment because the reasonable value of the proposed service was greatly in excess of $125; that the judge of the circuit court then appeared before the county council (in session at that time) and requested it to make a larger appropriation, and one sufficient to pay the reasonable value of anticipated services required in Sluder's defense; that the council refused to increase the appropriation, and thereupon the defendant again requested the court to appoint appellants to conduct his defense, and it appointed them for such services, and appellants accepted the appointment, and the question of the amount of compensation for appellants' services, was left open until after they should have been completed. It is averred that no one volunteered to defend Sluder, and he had no reason for demanding a continuance, and, under the above conditions appellants accepted the appointment and rendered services, in Sluder's defense, of the value of $1,000 and for which they have received only $125.

The complaint contains the following: "Plaintiffs further aver, that at the time of their said employment and appointment by the court, the circumstances then existing created an immediate emergency requiring the exercise of the inherent power of the court to make said appointment in order to protect the constitutional rights of the said Sluder, and that the acceptance of said employment by these plaintiffs, under said circumstances, entitled them to reasonable compensation for their services, over and above the amount remaining of the said appropriation, and for the balance so due them; they aver that there was created thereby a just and rightful unliquidated claim against the board of commissioners of said Clay County, Indiana. That if the said employment and appointment had not been made by the court and had not these plaintiffs acted there-

upon as aforesaid, said Sluder would have been forced to trial without legal counsel to aid in his defense, in plain violation of the rights secured to him by the Constitution of Indiana, Article 1, §§12, 13, above referred to, and his said rights would have thereby been greatly jeopardized." Judgment is demanded in the sum of $875.

The trial court sustained a demurrer to the amended complaint, and this ruling is the only error assigned. It is conceded by appellants that their complaint is insufficient under the decisions of this, and the Appellate Court, unless §5944 Burns 1908, *supra,* "is unconstitutional in so far as it attempts to regulate and control the administration of the circuit courts in a case such as is presented by this appeal." Sections 12 and 13, Art. 1, of the Constitution of Indiana, are as follows: 12. "All courts shall be open; and every man, for injury done him in his person, property or reputation shall have remedy by due course of law. Justice shall be administered freely and without purchase; completely, and without denial; speedily, and without delay." 13. "In all criminal prosecutions the accused shall have the right to a public trial by an impartial jury in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face; and to have compulsory process for obtaining witnesses in his favor."

1. In determining the question of the alleged error of a ruling on demurrer, only facts well pleaded are admitted. *Western Union Tel. Co.* v. *Taggart* (1895), 141 Ind. 281, 40 N. E. 1051, 60 L. R. A. 671.

The question of the constitutionality of a statute is never considered, unless the record is such as to imperatively require it. The power to enact laws is vested in the
2. General Assembly, subject to certain limitations fixed by the Constitution, and it must be presumed, in the first instance, that a designated statute is not in

conflict with our organic law, and consequently this court is without power to declare a legislative act unconstitutional unless the record discloses some deprivation of personal or property right of appellants, guaranteed by the Constitution. Do the facts averred show that the statute in question deprives appellants of any constitutional right? Manifestly not, if the services were voluntarily rendered. It is true that appellants allege that if the appointment had not been made and accepted, as alleged, Sluder would have been forced to trial without legal counsel, in violation of constitutional guaranties, but this allegation is only the pleader's conclusion, and, moreover, a conclusion based on facts really speculative in their nature. The conclusion of the pleader, that the trial court would, in the absence of appellant's employment and acceptance thereof have violated some right guaranteed Sluder by our Constitution, is not warranted by the facts alleged, and it cannot be considered in determining the sufficiency of the complaint.

In this State the professional services of a lawyer cannot be demanded without just compensation, and consequently he cannot be compelled to render gratuitous services for pauper defendants in criminal cases. *Blythe* v. *State* (1853), 4 Ind. 525; *Webb* v. *Baird* (1854), 6 Ind. 13; *Board, etc.,* v. *McGregor* (1909), 171 Ind. 634, 87 N. E. 1, 17 Ann. Cas. 333. The facts well pleaded here show that appellants' services were voluntarily rendered. *Board, etc.,* v. *McGregor, supra; Board, etc.,* v. *Mowbray* (1903), 160 Ind. 10, 66 N. E. 46; *Turner* v. *Board etc.* (1902), 158 Ind. 166, 63 N. E. 210; *Board, etc.,* v. *Pollard* (1899), 153 Ind. 371, 55 N. E. 87. In such case, the court is without rightful power to declare that the statute in controversy here is unconstitutional.

There is no reversible error. Judgment affirmed.

NOTE.—Reported in 101 N. E. 1010. See, also, under (1) 31 Cyc. 335, (2, 5) 2 Cyc. 585; (3) 31 Cyc. 49; (4) 4 Cyc. 980. As to the caution with which courts exercise the power to declare statutes

unconstitutional, see 48 Am. Dec. 269; 12 Am. St. 827. As to an attorney's right to compensation, see 127 Am. St. 841. On the question of the constitutionality of a statute requiring an attorney to perform services for the public without reimbursement, see 42 L. R. A. (N. S.) 527.