## STATE OF INDIANA *v.* SITTASON.

[No. 22,269. Filed May 28, 1913.]

1. INDICTMENT.—*Publicity.*—An indictment for violation of the Corrupt Practices Act (Acts 1911 p. 288), charging that defendant unlawfully gave and provided whiskey, beer and lunch to certain persons, and to divers other persons unknown, for the purpose of influencing their votes at a primary election, is not objectionable as charging separate offenses in furnishing such lunch, etc., to each individual named. p. 574.

From Floyd Circuit Court; *Harry C. Montgomery,* Special Judge.

Prosecution by the State of Indiana against Claude A. Sittason. From a judgment quashing the indictment, the State appeals. *Reversed.*

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

*Stotsenburg & Weathers* and *Charles D. Kelso,* for appellee.

ERWIN, J.—This indictment is in one paragraph and is the same as the second count in the case of *State* v. *Paris, ante* 446, 101 N. E. 497, except that it is charged in this case, "That defendant did then and there unlawfully give and provide and pay for the expense of giving and providing meat and drink, to wit: whiskey, beer and lunch to certain persons and divers other persons to the grand jury unknown for the purpose of influencing said persons aforesaid, and divers other persons to the grand jury unknown, to give their votes at said primary in favor of him, etc."

This record presents only one question which has not

already been covered in *State* v. *Paris, supra,* viz., that this indictment is bad because it charges two or more

1. separate and distinct offenses. It is argued that this indictment charges a separate offense in furnishing meat and drink for each individual named in the indictment, even though the meat and drink were furnished to them at the same time and place and that therefore each offense would have to be charged separately. Appellee is wrong in this contention. In 22 Cyc. 383, 384 it is said "A single act or transaction in violation of law may as a general rule be charged in one count as a single offense. although the act involves several similar violations of law with respect to several different persons. \* \* \* so a defendant may, under a statute punishing the solicitation of contributions for political purpose from public employes, in one count be charged with either receiving or soliciting contributions from more persons than one." Citing *United States* v. *Scott* (1895), 74 Fed. 213.

We have a case in point in this State. In the case of *Furnace* v. *State* (1899), 153 Ind. 93, 54 N. E. 441, the information charged that the defendant at a time and place named "did then and there unlawfully and feloneously steal, take and carry away of the personal goods and chattels of said Jane Engle $5 in money and the personal goods and chattels of Samuel Engle $4.50 in money", etc. It was held that the information was not bad for duplicity as it shows on its face that the larceny occurred at the same time and place and constituted but a single transaction. The same reasoning applies to the present case and we cannot say that the indictment was bad for duplicity.

The other questions involved in this case are the same as in the case of *State* v. *Paris, supra,* and on the authority of that case, this judgment is reversed, with instructions to the court below to overrule appellee's motion to quash.

NOTE.—Reported in 101 N. E. 1010. As to the charging part of an indictment, see 3 Am. St. 280.