# THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. TOWN OF NEWPOINT.

[No. 22,597. Filed June 2, 1916. Rehearing denied November 10, 1916.]

1. PLEADING.—*Answer.*—*Sufficiency.*—*Conclusions.*—In an action against a railroad company for a violation of a town ordinance regulating the speed of trains at street crossings, an answer that, "plaintiff is not a legally organized town under the laws of Indiana and that the ordinance referred to in plaintiff's complaint was never published as required by law," asserts only conclusions as to the legality of each act referred to unsupported by an averment of fact, and is demurrable, since facts and not mere legal conclusions must be pleaded. p. 518.

2. RAILROADS.—*Operation.*—*Municipal Ordinance Regulating Speed of Trains.*—*Validity,*—In a proceeding against a railroad company for violation of a town ordinance passed under §9005, cl. 12, Burns 1914, Acts 1905 p. 229, prohibiting the running of trains across street crossings at a greater speed than twelve miles per hour, a paragraph of answer alleging that such ordinance was unreasonable and void because the town has only 341 inhabitants, three-fourths of whom live on the north side of defendant's double-track railroad, running east and west through the town, a distance of half a mile; that outside of the corporation the tracks are in a straight line and trains are visible for fifty rods; that within the corporate limits there is a subway under the railroad and only four streets cross the tracks at grade; that defendant company is an interstate railway carrying United States mail, and daily runs through the town fourteen passenger and sixteen freight trains, all equipped with whistles, bells, headlights and airbrakes; that seven of such trains pass through the town between ten o'clock p. m. and five o'clock a. m. and that the greater number of the trains are operated in interstate commerce; that the railroad does not run through the populous district of the town, is demurrable since neither the fact that the defendant is an interstate railway carrying United States mail nor the other facts averred are sufficient to warrant the conclusion that the rate of speed fixed by the ordinance is unreasonable. p. 518.

From Bartholomew Circuit Court; *Hugh Wickens,* Judge.

Action by the Town of Newpoint against The

Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Leonard J. Hackney* and *Bennett & Davidson*, for appellant.

*John E. Osborn* and *Frank Hamilton*, for appellee.

MORRIS, J.—Appellee recovered judgment against appellant for the violation of a railway speed ordinance, passed under clause 12, §9005 Burns 1914, Acts 1905 p. 229, which purported to prohibit the running of any train across the streets of the town at a greater rate of speed than twelve miles per hour. In the first paragraph of appellant's answer to the complaint it is alleged that,

1. "Plaintiff is not a legally organized town under the laws of Indiana, and that the ordinance referred to in plaintiff's complaint was never published as required by law." Error is assigned here because the court sustained a demurrer to the paragraph. There was no error. It impliedly admits that the town was organized and that the ordinance was published, but asserts the illegality of each act without averring any fact on which its conclusion is based. Facts, and not mere legal conclusions, must be pleaded. *Kellogg* v. *Tout* (1879), 65 Ind. 147, 152; *Knight* v. *Board* (1913), 179 Ind. 568, 572, 101 N. E. 1010.

It is further contended that the court erred in sustaining a demurrer to appellant's third paragraph of verified answer, which alleged that

2. the ordinance is unreasonable and void because of the following facts: Newpoint, in Decatur County, has 341 inhabitants only, three-fourths of whom live on the north side of appellant's double-track railroad, running east and west through the town, a distance of half a mile; that outside the

corporation the tracks are in a straight line and trains running thereon are visible for a distance of fifty rods in approaching the town; that at the east side of, and within, the corporate limits there is a subway under appellant's railroad for travel in a north or south direction; that only four streets cross the railroad at grade; that appellant is an interstate railway and carries United States mails, and daily runs through the town fourteen passenger and sixteen freight trains, all equipped with whistles, bells, headlights and airbrakes; that four of the passenger trains are scheduled to stop at the town, and that seven of the freight and passenger trains pass through the town between ten o'clock p. m. and five o'clock a. m.; that the greater part of the trains, passenger and freight, are operated in interstate commerce; that the railroad does not run through the "populous" or business district of the town, but runs south thereof.

Appellant contends that the legislative power delegated to towns to regulate the running of trains is a general one, and that ordinances passed in pursuance thereof must be reasonable. In *Cleveland, etc., R. Co.* v. *Harrington* (1892), 131 Ind. 426, 436, 30 N. E. 37, it was held that this court was not authorized to declare void for unreasonableness an ordinance of Indianapolis limiting the speed of trains to four miles per hour, because the statute under which the ordinance was passed expressly granted authority therefor. See 1 G. & H. 226; 1 Dillon, Mun. Corp. (4th Ed.) §328; *City of Shelbyville* v. *Cleveland, etc., R. Co.* (1896), 146 Ind. 66, 44 N. E. 929. The statute referred to in *Cleveland, etc., R. Co.* v. *Harrington, supra,* authorized cities by ordinance, "to regulate the speed of * * * locomotives * * * within the city." The statute under which the Newpoint ordinance was enacted

authorizes towns "to regulate the running of railroad trains * * * across the streets * * * of the town." §9005, cl. 12, Burns 1914, *supra.* Conceding that courts are authorized to hold that ordinances passed under statutory enactments of this character are void for unreasonableness, we are constrained to hold that the facts averred in the third paragraph of answer are not sufficient to justify the conclusion contended for by appellant. The fact that appellant is an interstate railroad, carrying United States mails, would not warrant such holding. *Whitson* v. *City of Franklin* (1870), 34 Ind. 392, 397; *Pittsburgh, etc., R. Co.* v. *State* (1908), 172 Ind. 147, 87 N. E. 1034; *Chicago, etc., R. Co.* v. *City of Carlinville* (1902), 200 Ill. 314, 65 N. E. 730, 60 L. R. A. 391, 93 Am. St. 190. Notwithstanding the small population of the town and the other facts averred, we. can not say that a prohibition of speed above the rate of twelve miles per hour is unreasonable. Limits to lower rates of speed have been held valid in other jurisdictions. *Chicago, etc., R. Co.* v. *City of Carlinville, supra; City of Buffalo* v. *New York, etc., R. Co.* (1897), 152 N. Y. 276, 46 N. E. 496; *Larkin* v. *Burlington, etc., R. Co.* (1892), 85 Iowa 492, 52 N. W. 480; *Knoblock* v. *Chicago, etc., R. Co.* (1884), 31 Minn. 402, 18 N. W. 106; 33 Cyc 669. Judgment affirmed.

NOTE.—Reported in 112 N. E. 993. Power of municipal corporation to regulate speed of trains at highway crossings, note, 17 L. R. A. (N. S.) 561. See under (1) 31 Cyc 62; (2) 33 Cyc 668.