PEOPLE ex rel. WILLIAM A. SPRENGER, Relator, *v.* DEPARTMENT OF HEALTH, Respondent.

(Supreme Court, New York Special Term, July, 1918.)

Real property — powers of board of health of city of New York — when writ of mandamus granted to compel approval by board — Greater New York Charter, § 1172.

The right to own real property is valuable only because of the use that may be made of it and any limitation upon such use

other than its acquisition under the power of eminent domain, its voluntary dedication to public use, the making of restrictive agreements by the owner, the police power, or the violation of some well-known principle of law, as in case of a nuisance, woud be a dangerous innovation and destructive of property rights.

Where the refusal of the board of health of the city of New York to approve, as a site for a sanatorium, property owned by relator in a residential neighborhood is based solely upon the effect of the proposed structure on values of adjoining real estate, a writ of mandamus to compel such approval will be granted, the plans for the proposed structure having been approved by the fire and building departments of the city.

In section 1172 of the Greater New York charter which provides that the board of health, the jurisdiction of which is confined to matters dealing directly or indirectly with the public health and life, may embrace in the sanitary code " all matters and subjects to which, and so far as, the power and authority of said department of health extends, not limiting their application to the subject of health only," the words " not limiting their application to the subject of health only " are limited by those preceding, which refer only to matters and subjects to which the authority of the department extends.

APPLICATION for a writ of mandamus.

John J. Haggerty (Ralph K. Jacobs, of counsel), for relator.

William P. Burr and William Keough, for respondent.

OTTINGER, J.  Sprenger, the relator, applies for a writ of mandamus to compel the board of health to approve, as a site for a sanatorium, property owned by him in a residential neighborhood.  Defendant's regulations relative to sanatoria provide for the approval of the structure by the building and fire departments, and then require " the sanitary condition thereof and the location of the building to be approved by the department of health."  The plans

15

have been approved by the fire and building departments. The respondent admits that the location is, from a sanitary standpoint, unobjectionable, and that, together with the plans, the contemplated structure is in every respect satisfactory. But, acting upon the report of the former comptroller, it has refused its approval upon the sole ground that, if placed in this residential locality, the building would materially injure the values of adjoining real estate, and the owners of other property in the vicinity make urgent protest for that reason. It is not pretended that the sanatorium is to be used for infectious diseases, or that it could in anywise affect the health of neighbors. So that the refusal is based solely upon the effect of the proposed structure on values. The single inquiry upon this application is whether the matter of values is one which the respondent may consider; for, if it be, the courts cannot interfere with action thereon except upon proof of a clear abuse of discretion. In this instance, the determination was made only after a full hearing of real estate experts on both sides. Section 1172 of the Greater New York Charter provides that " the board of health may embrace in said sanitary code all matters and subjects to which, and so far as, the power and authority of said department of health extends, not limiting their application to the subject of health only." The learned counsel for respondent claims that jurisdiction is conferred by the words " not limiting their application to the subject of health only." Plainly, however, these words are limited by those preceding, which refer only to matters and subjects to which the authority of the department extends. A reading of the provisions of the Greater New York Charter as to the board of health shows that its jurisdiction is confined to matters dealing directly or indirectly with the public health and life.

Were it otherwise, the words to which counsel refer would give the board power to deal with every conceivable matter. Manifestly this is unreasonable. Full effect can be accorded to the words by holding that a given matter, though not dealing directly or exclusively with the subject of health, must have some reasonable relation thereto, however remote. These views accord with the authorities. Thus, in *People* v. *Van Fradenburgh,* 81 App. Div. 259, a conviction under section 397 of the Penal Code for violating the '' lawful '' order of '' any board of health '' was set aside, because the act prohibited by the board of health ''has in it no element of threatened danger to the public health or comfort,'' the court saying (p. 260) : '' I am unable to see by what authority the board of health is permitted to prohibit the same.'' Again, in *People ex rel. Lodes* v. *Department of Health,* 116 App. Div. 890, 891, the court says: '' The right to carry on the business of selling milk is a constitutional one. This right can only be interfered with in the exercise of the police power of the State, because in the manner of his conduct of the business or the circumstances surrounding it, the public health is imperilled. *If as a matter of fact the public health is not thereby imperilled, the summary determination of the board of health does not make it so.*'' So far as the court is aware, the only attempt of a public body to limit the use of private property upon the broad ground of the municipality's interest is the zoning resolution recently adopted by the board of estimate and apportionment. That resolution expressly includes sanatoria among the buildings which may be erected in a residential neighborhood. It is to be assumed that, in passing this resolution, the board of estimate necessarily took into consideration all questions affecting

Supreme Court, July, 1918.          [Vol. 104.

the city's interests, and, among others, whether or not a sanatorium would injure values and, therefore, reduce the taxes. In so far, therefore, as any public body has pronounced upon the desirability of private hospitals in the vicinity of dwellings, the determination has been in favor of the relator. The right to own property is valuable only because of the use that may be made of it. Hitherto, the only limitations upon such use have been the acquisition of such property under the power of eminent domain, its voluntary dedication to the public use, the making of restrictive agreements by the owner, the police power, or the violation of some well known principle of law, as in case of a nuisance. Any other limitation would be a dangerous innovation and destructive of property rights. When such limitation is attempted by express legislation, it will be time enough to consider its validity. In the absence thereof, such restriction will not be implied. The application is granted, with costs.

Application granted, with costs.