No. 8877.

### ROBESON ET AL. *v.* MARTIN ET AL.

GUARDIAN AND WARD.—*Parties.—Capacity to Sue.—Insane Person.*—A person under guardianship as of unsound mind can not sue to impeach sales of his property made by his guardian.

Robeson *et al. v.* Martin *et al.*

SAME.—*Discharge of Guardian.*—*Pleading.*—A complaint in such case which avers that the matters of which the plaintiff complains occurred "before the plaintiff was released from the disability under which he was held," does not thereby show an end of the guardianship.

PRACTICE.—*Bill of Exceptions.*—*Motions.*—Without a proper bill of exceptions, or other proper showing of the reasons therefor, and of exceptions, the dismissal of a cause on motion, or the overruling of a motion to reinstate the cause, can not be questioned in the Supreme Court.

From the Franklin Circuit Court.

*W. P. Adkinson, C. F. Jones* and *D. F. White,* for appellants.

*S. S. Harrell,* for appellees.

BLACK, C.—This was an action brought by the appellant William Robeson against the appellees. A substituted complaint was filed signed by William Robeson as plaintiff, in the body of which Francis Knecht, assignee of William Robeson was named as a co-plaintiff.

Three of the defendants were minors, for whom a guardian *ad litem* was appointed, who demurred to the complaint for want of sufficient facts, and for want of legal capacity in the plaintiffs and each of them to sue. The demurrer was sustained.

Each of nine other defendants made a motion to dismiss the cause. These motions were sustained. After the entry of these rulings, the record proceeds as follows: "And now, on motion, this cause is dismissed, at the costs of the plaintiff." Judgment for costs was then rendered for the defendants.

Some days afterward, at the same term, said Robeson filed his motion to reinstate the cause, which the court overruled.

By the assignment of errors it is sought to question the action of the court in sustaining the demurrer to the complaint, in sustaining the motions to dismiss the cause, and in overruling the motion to reinstate the cause.

It seems from the somewhat incoherent averments of the complaint, that upon inquisition said Robeson had been found to be a person of unsound mind, and that the defendant Mar-

tin had been appointed as his guardian; and the purpose of the action was to impeach sales of property alleged to have been made by said guardian, and to quiet the title of the plaintiffs to certain real estate so sold.

It was not shown that the guardianship had terminated. In speaking of a certain transaction between some of the defendants, it was said that it occurred at a date mentioned, " about one month before the plaintiff was released from the disability under which he. was held." This was not sufficient to show that the plaintiff Robeson's legal capacity to sue had been regained.

A person under guardianship as a person of unsound mind can not maintain such an action. *Meharry* v. *Meharry*, 59 Ind. 257. As to the person so named as a co-plaintiff, he was alleged to be the successor of one to whom said Robeson had conveyed his property in trust for the benefit of his creditors. The conveyance having been made after the appointment of the guardian, it was void.

Where a cause is dismissed on motion, the grounds of the motion and the exception to the ruling thereon should be shown by bill of exceptions. *Orr* v. *Worden*, 10 Ind. 553; *Aspinwall* v. *Board, etc.*, 18 Ind. 372; *Scotten* v. *Divilbiss*, 60 Ind. 37; *Yost* v. *Conroy*, 92 Ind. 464.

There is no bill of exceptions in this record, and the grounds of the motion to dismiss do not appear in the transcript except by the written motions set out therein by the clerk. We, therefore, can not say that there was error in the rulings on the motions to dismiss.

For the same reason the motion to reinstate the cause can not be examined.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.

Filed Feb. 1, 1884.