## Modlin v. The State of Indiana, ex rel. Townsend.

[No. 21,780. Filed April 27, 1911.]

1. Quo Warranto. — *Answers.* — *Former Adjudication.*—*County Superintendents.*—In an action of *quo warranto* to oust a county superintendent, an answer that, in an action instituted theretofore by such superintendent, in which he was the relator, a judgment was rendered adjudging him to be legally entitled to such office, is insufficient as against another relator having a superior claim to such office. p. 512.

2. Quo Warranto.—*Answer.*—*Duplicity.*—*Former Adjudication.*— In an action of *quo warranto* to oust defendant from office because of his alleged ineligibility, an insufficient answer of former adjudication cannot be sustained on the ground that it also alleged that defendant was eligible to the office, one theory only being permissible in one paragraph of answer. p. 515.

From Blackford Circuit Court; *Charles E. Sturgis*, Judge.

Action by The State of Indiana, on the relation of M. Clifford Townsend, against William P. Modlin. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Jay A. Hindman*, for appellant.
*Burns & Sprague* and *C. C. Hadley*, for appellee.

MORRIS, J.—This action, in the nature of *quo warranto*, was brought by the State, on the relation of M. Clifford Townsend, against William P. Modlin, to oust the latter from the office of county superintendent of Blackford county, and to declare the relator the rightful incumbent thereof.

It is alleged that on June 6, 1907, at a meeting held for the purpose of electing a superintendent of the common schools of Blackford county, appellant received a majority of the votes cast by the trustees, but that he was not then, and never was eligible to hold the office, because he did not then, and never did hold a thirty-six months' state license, or a sixty months' license, or a life or professional license, to teach in the common schools of the State; that appellant's ineligibility was known to the trustees who voted for him at the time of the meeting, and the office became vacant; that on April 17, 1909, the county auditor of Blackford county issued a notice to the township trustees, requesting them to meet at his office on April 22, for the purpose of filling the vacancy in the office of superintendent, and, pursuant thereto, the trustees met at the time and place designated, and elected relator as such superintendent for the unexpired term of four years from June 3, 1907; that relator is eligible to hold the office, has qualified and given bond as required by law, and has demanded of appellant that he surrender the office of superintendent, together with all the books, papers, property and money pertaining thereto, but appellant refuses to comply with the demand, and ever since has usurped and unlawfully held said office.

Appellant filed an answer of former adjudication in one

paragraph, in which he alleged, in substance, that on June 6, 1907, the trustees elected him superintendent for the four years next ensuing; that he thereupon qualified and gave a bond, which was duly approved; that Finley Geiger was the duly elected, qualified and acting superintendent for the term expiring on June 6, 1907, but refused to surrender the office to appellant, whereupon the State, upon the relation of appellant, brought an action in the circuit court against Geiger, for the purpose of determining and having adjudicated the question as to who was entitled to hold the office. Issues were formed, a trial was had on the merits, and it was adjudged by the court that the relator in that case (appellant here) had been elected to the office, that defendant Geiger be ousted therefrom, and that he deliver all books, papers and appurtenances, thereunto belonging, to the relator.

Appellant further alleges in his answer that this judgment was never appealed from, vacated, changed or modified, and is in full force and effect; that after the rendition of this judgment Geiger surrendered the office to appellant, who has ever since held it, and performed the duties thereof. To this answer a demurrer for want of facts was sustained by the court, appellant declined to plead further, and, judgment was rendered ousting him from the office in controversy, from which judgment this appeal is prosecuted. The only error assigned here is the action of the lower court in sustaining the demurrer to the answer.

On behalf of appellant it is contended that where the State brings an action on the relation of a citizen, and procures a judgment declaring such relator to be the duly elected and qualified county superintendent of a county for a given term, it cannot, during such term, maintain another action on the relation of another citizen for the same purpose.

Our statute, governing actions of this character, authorizes the filing of an information by the prosecuting attorney

in the circuit court of the proper county on his own relation, whenever he deems it his duty to do so, or is directed by the court or other competent authority, or by any other person on his own relation, whenever he claims an interest in the office which is the subject of the information. §1189 Burns 1908, §1132 R. S. 1881.

It has been held by this court repeatedly, that to enable a private person to maintain an action of inquiry as to the right to hold a public office, he must allege a special interest, and one not common to the general public. *State, ex rel.*, v. *Bradt* (1908), 170 Ind. 480; *State, ex rel.*, v. *Reardon* (1903), 161 Ind. 249; *State, ex rel.*, v. *Dudley* (1903), 161 Ind. 431; *State, ex rel.*, v. *Bell* (1907), 169 Ind. 61, 13 L. R. A. (N. S.) 1013, 124 Am. St. 203; *State, ex rel.*, v. *Johnston* (1909), 173 Ind. 14.

In the case of *Vogel* v. *State, ex rel.* (1886), 107 Ind. 374, a prosecuting attorney, by information in the name of the State, challenged the right of Vogel to hold the office of township trustee. To this information Vogel filed a plea in abatement, in which he alleged that he had been elected trustee of the township in 1884; that at the April election in 1886, he and one Marks were rival candidates for the office; that although Marks received the highest number of votes, he was not, and could not be elected, because he was ineligible; that he (Vogel), in the statutory mode, contested Marks' right to the office, which contest was then pending. This court held that there was no error in sustaining a demurrer to said plea, using the following language: "The rights of the State in a matter of this kind are above the rights of individual claimants, and its rights will not be affected by any proceedings that such parties may institute as between themselves. If it were otherwise, the State might be rendered powerless to eject from office an intruder placed in it by a collusive litigation."

In the action brought against Geiger, appellant, as relator, was litigating the right to the office as between

himself and Geiger only; and his right to bring the action, on his own relation, was founded solely on his special interest in the matter. A judgment in such a cause could not bind the State, and was binding only on the relator and defendant, and their privies. *People, ex rel.,* v. *Murray* (1878), 73 N. Y. 535. It follows, therefore, that the lower court did not err in holding the plea of former adjudication insufficient.

Appellant contends, however, that his answer is good on another theory, because it is averred "that at the time of his election to said office, as aforesaid, defendant was duly qualified to be elected thereto." Whether such an allegation is a sufficient averment of appellant's eligibility, it is unnecessary to decide, because each paragraph of a pleading must proceed upon a single, definite theory, which is to be determined from the general scope and character of the pleading. *State* v. *Adams Express Co.* (1909), 172 Ind. 10. This answer, which is one paragraph, clearly proceeds on the theory of former adjudication, and no other theory can be considered by the court. There is no error warranting reversal.

Judgment affirmed.