## SIMMONS v. SIMMONS ET AL.

[No. 23,125. Filed May 16, 1917. Rehearing denied October 31, 1917.]

1. APPEAL.—*Review.—Scope.*—It is the duty of a court of appeal to consider questions of law decided by the trial court, and to determine whether the questions so presented were decided correctly or erroneously, and in so doing it is proper that the appellate tribunal should consider such questions only as were presented to, and decided by, the trial court. p. 577.

2. CONSTITUTIONAL LAW.—*Due Process of Law.—Fifth Amendment to Federal Constitution.—Application and Scope.*—Article 5 of the amendments of the federal Constitution, declaring that no person shall be deprived of life, liberty or property without due process of law, does not affect the governmental powers of the states, but places a restriction on the powers of the national government. p. 577.

3. CONSTITUTIONAL LAW.—*Act of Legislature.—Unconstitutionality.—Sufficiency of Objections.*—One assailing the constitutionality of an act of the legislature must point out the particular provision of the Constitution which it is claimed the act violates, as courts will not search the Constitution to find authority to overthrow a legislative enactment. p. 577.

From Hendricks Circuit Court; *George W. Brill,* Judge.

Action by Dana Simmons against William Simmons and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Wilson S. Doan, James C. Mathews* and *Thad S. Adams,* for appellant.

*Thomas J. Cofer, Zimri E. Dougan, George C. Harvey, George R. Harvey, Alexander G. Cavins* and *Horace L. Hanna,* for appellees.

LAIRY, C. J.—Appellant brought this action to recover damages for false imprisonment. The facts upon which she based her cause of action were stated in a complaint to which a demurrer for want of sufficient facts was addressed by appellees. This demurrer was sustained and appellant, refusing to amend, suffered

judgment to go against her. The action of the trial court in sustaining the demurrer to the complaint is the only error presented on appeal.

The complaint shows that William Simmons is a brother of appellant, and that Rosa Daum is her sister, and that these appellees caused proceedings to be brought before appellee James Barlow, who was at the time a justice of the peace, whereby appellant was adjudged to be a proper subject for treatment in a hospital for the insane, and, as a result of which she was committed to and confined in the Central Indiana Hospital for the Insane for a period of twenty days. It further appears that such proceedings were instituted under the provisions of §3692 *et seq.* Burns 1914, §2843 R. S. 1881, which makes no provision for notice to the person against whom such proceedings are brought, and it is alleged that no summons directing her to appear at such inquisition was ever served on her and that she was not given an opportunity to defend herself in said proceeding.

It is alleged that the law under which such inquisition was held and under which she was committed to and confined in the hospital for the insane is unconstitutional and void for the reason that it is in conflict with Art. 5 of the amendments to the Constitution of the United States, which provides among other things that no person shall be deprived of life, liberty or property without due process of law.

The other allegations of the complaint are not set out or considered inasmuch as it seems to be conceded by all parties to the appeal that the complaint is sufficient if the act under which the inquisition of insanity was held is unconstitutional, and that the complaint is insufficient if the act in question is constitutional.

It is the duty of a court of appeal to consider questions of law decided by the trial courts in cases brought

up on appeal, and to determine whether the questions so presented were decided correctly or erroneously. In so doing it is proper that the court on appeal should consider such questions only as were presented to and decided by the trial court. In this case the trial court was required to decide whether or not the statute under which the insanity inquest was held was invalid as being in conflict with Art. 5 of the amendments to the federal Constitution. The decision was that the statute was not forbidden by that section of the Constitution. The section of the Constitution to which the attention of the trial court was called places a restriction on the powers of the national government and does not affect the governmental powers of the states. *Capital City Dairy Co.* v. *Ohio* (1901), 183 U. S. 238, 22 Sup. Ct. 120, 46 L. Ed. 171; *School Town of Windfall City* v. *Somerville* (1913), 181 Ind. 463, 104 N. E. 859, Ann. Cas. 1916 D 661; *Bemis* v. *Guirl Drainage Co.* (1914), 182 Ind. 36, 105 N. E. 496.

In her amended complaint appellant charged specifically that the act under which she was committed to the hospital for the insane was in conflict with Art. 5 of the amendments to the federal Constitution. It was not asserted in the trial court that the statute in question was repugnant to the fourteenth amendment to the federal Constitution or to any provision of the State Constitution. A person who assails an act of the legislature on the ground that it is unconstitutional, must point out the particular provision of the Constitution which it is claimed the act violates. Courts will not search the constitutions to find authority to overthrow a legislative enactment. *Robinson* v. *Schenck* (1885), 102 Ind. 307, 319, 1 N. E. 698; *Levy* v. *State* (1903), 161 Ind. 251, 68 N. E. 172.

The trial court did not err in its decision of the question presented. Judgment affirmed.

NOTE.—Reported in 116 N. E. 49. See under (2) 8 Cyc 771; 12 C. J. 742; (3) 8 Cyc 800; 12 C. J. 785.