STATE EX REL. JOHNSON ET AL. *v.* CLAYTON ET AL.

[No. 26,644.  Filed March 19, 1937.]

*Clinton H. Givan,* for appellants.

*Harry Long, John M. Ruberto* and *Howard Englander,* for appellees.

TREMAIN, C. J.—The relators filed this action, in *quo warranto,* in which they charged that at the November election, 1929, in the City of Gary, the relator, Roswell O. Johnson, was elected mayor, and the relator, Herman L. Key, was elected city judge of that city, and both were duly qualified and inducted into office on the 6th day of January, 1930, for a term of four years.

It is alleged that the appellees, Lee B. Clayton and William Fletcher, claiming to be the elected mayor and city judge, respectively, of said city, were inducted into office January 1, 1935, by virtue of an election held on the 6th day of November, 1934, and were pretending to discharge the duties of said offices. But it is alleged that their claims thereto are without right and of no force or effect, for the reason that said election was held under an unconstitutional and void act of the General Assembly of the State of Indiana known as the "skip election law," being Chapter 173, Acts 1933. It is charged that said Act is violative of numerous sections of the State Constitution and the Fourteenth Amendment of the Federal Constitution; that by reason of the invalidity of said statute, the pretended election of 1934 is without force; that the appellees have no legal right, title, or claim to their respective offices; that the relators, by virtue of having been duly elected in 1929, were entitled to hold their respective offices, and to receive the emoluments thereof.

The relators prayed that a decree be entered ousting the appellees from office, and that they be required to turn the offices over to relators and deliver to relators all books and papers held by them, "and that said Lee B. Clayton be required to surrender over the office of mayor of the city of Gary to Roswell O. Johnson, . . .

and that said William Fletcher be required to turn over all the property belonging to said city held now, or controlled by him as city judge of said city."

To this complaint the appellees addressed a demurrer for want of facts. Upon presentation to the court, the demurrer was sustained. The relators separately and severally excepted to the ruling and elected to abide by their complaint, and refused to plead further. The court thereupon rendered judgment against relators; that they take nothing by their complaint, and that the defendants recover their costs. The appeal was perfected to this court.

It is the theory of the relators that the Act of 1933 is void, and therefore the pretended election held thereunder in 1934 is wholly void, and appellees cannot retain their offices. At the time the election was held in 1934, the 1933 Act had not been attacked and the constitutionality thereof tested in any court of competent jurisdiction.

The allegations of the complaint show that the appellees were inducted into office and are in possession of their respective offices; that a writ of ouster is demanded. Under the facts presented it is not necessary for this court to pass upon the constitutionality of the Act, where the cause may be decided upon other grounds. If the "skip election law" is constitutional and valid, then the appellees are *de jure* officers. If it is unconstitutional and invalid, though not judicially determined, the appellees are at least *de facto* officers.

The complaint of the relators is based upon the alleged invalidity of the 1933 Act, which had the effect to and did extend the terms of office of the relators from January 1, 1934, to January 1, 1935. The relators did not question the validity of the Act before the time for holding the regular city election in 1933, under the old law. They were satisfied to wait until after the election

in November, 1934, and after they had surrendered their offices to the appellees. After such surrender and appellees were inducted into office, the relators then filed this action praying that appellees be ousted and relators be reinstated into office.

This court recognizes the power and authority of the legislature to enact a law fixing the time for holding elections in cities of the state. It is a matter wholly within the discretion of the legislative branch of the state government. All presumptions are indulged in favor of such legislative enactments, and the court will not decide a question involving the constitutionality of a statute if the merits of the case can be determined without such decision, and, of course, the court will never declare a statute unconstitutional where there is any doubt upon that subject. *Parker et al.* v. *The State ex rel.* (1892), 133 Ind. 178, 32 N. E. 836, 33 N. E. 119; *The State ex rel.* v. *Menaugh* (1898), 151 Ind. 260, 51 N. E. 117, 357; *Couch* v. *State ex rel.* (1907), 169 Ind. 269, 82 N. E. 457; *Felker* v. *Caldwell* (1919), 188 Ind. 364, 123 N. E. 794; *Miller* v. *State ex rel.* (1930), 202 Ind. 18, 171 N. E. 381.

This court has always recognized the rule that a person who has no special interest in an office, greater than the public generally, cannot maintain an action to try the title of the office, or to oust an officer who has been installed therein pursuant to an election, and to whom a certificate has been issued. *State ex rel.* v. *Reardon* (1903), 161 Ind. 249, 68 N. E. 169; *Modlin* v. *State ex rel.* (1911), 175 Ind. 511, 94 N. E. 826, Ann. Cas. 1913C 669; *State ex rel.* v. *Slack* (1928), 200 Ind. 241, 162 N. E. 670, 163 N. E. 21; *Rule* v. *State ex rel.* (1935), 207 Ind. 546, 194 N. E. 151; *State ex rel. Schrage* v. *Boyle* (1934), 206 Ind. 574, 190 N. E. 743.

Several of the foregoing authorities also discuss the

proposition that appellees are at least *de facto* officers and hold that a *de facto* officer, inducted into ██ office, even under an unconstitutional act, has the legal right to the possession thereof as against those whose term had expired, and that such *de facto* officer has such title that his predecessor cannot claim that the office is vacant and demand it. It is wholly immaterial whether the mayor and city judge elected in 1934 were *de jure* or *de facto* officers, since in either case there is no vacancy in the office. *Rule* v. *State ex rel., supra,* and cases there collected.

For an exhaustive discussion of the subject of the rights of *de facto* officers, holding either by appointment or by election under a constitutional law, or under a law which manifestly is unconstitutional, see *State* v. *Carroll* (1871), 38 Conn. 449, 9 Am. Reports 409.

The appellees were at least *de facto* officers, even if the law under which they were elected was unconstitutional. Relators do not pretend to assert that the General Assembly did not possess the constitutional power to fix the time and manner of holding the city election. The appellants' objections go rather to the separate provisions of the Act itself. The election in which the appellees were elected and were afterwards inducted into office was held at a time fixed by the legislature. Appellants surrendered their respective offices to appellees at the time designated by the statute. Now they come into court and assert that because the title of the Act is defective, and because certain sections thereof violate the provisions of both the State and Federal Constitutions, they have the legal right, by *quo warranto,* to oust appellees and re-establish themselves in office. To say the least, the appellees were inducted into the office under color of election. Inasmuch as appellees were inducted into the office under color of law, they are

*de facto* officers, in so far as relators are concerned, and as such entitled to hold the offices as against relators' claims. The trial court did not commit error in sustaining appellees' demurrer to appellants' complaint.

Judgment is affirmed.