STATE EX REL. CODDING *v.* EBY, JUDGE

[No. 28,081. Filed April 18, 1945.]

*Craig & Craig*, of Evansville, for relatrix.

*McDonald & McDonald* and *Sanford Trippet*, all of Princeton, for respondent.

RICHMAN, J.—Relatrix was found to be insane and committed to the Evansville State Hospital in a proceeding in the Gibson Circuit Court, of which respondent was then, and is now, the Judge. The steps in such a proceeding are prescribed by ch. 69, Acts of 1927 as amended in 1931 and 1933 found in §§ 22-1201-1228 inclusive, Burns' 1933. A guardianship followed this adjudication and is still pending in said court. Whether there was a separate adjudication of unsoundness of mind pursuant to § 8-201 et seq., Burns' 1933, does not appear. A month after her commitment she was released and six months later discharged by the superintendent who certified, not under oath, that in his opinion she had "sufficiently recovered to be released." The certificate was received and filed for record by the Clerk of the Gibson Circuit Court. Relatrix requested in vain that respondent pursuant to § 22-1218, Burns' 1933, enter an order finding her sane. She here insists that the entry of such an order is a ministerial act which can be mandated.

The section reads as follows:

"Any patient may be discharged from any hospital for insane, by the superintendent thereof, when sufficiently recovered or upon restoration to mental health. Incurable and harmless patients shall be discharged whenever it is necessary to make room for recent cases. All dangerous patients shall be retained in the hospital. Whenever any patient is discharged by the superintendent of any hospital for insane for the reason that such patient is sufficiently recovered to be released or has been restored to mental health, it shall be the duty of the

superintendent of such hospital to send a verified certificate to the court by which such patient was committed, stating the name of the patient, the date on which such patient was committed to such hospital, his address at the time of commitment, the date of the discharge of such patient, the person to whom discharged, if any, and the fact that, in the opinion of the superintendent, such patient is *sufficiently recovered to be released,* or has been restored to mental health. Upon receipt of such statement, the court shall thereupon enter an order finding such person sane."

As originally enacted in 1927 the section contained only the first three sentences. In 1933 the last two were added. The General Assembly of 1945 has made further amendment, not yet effective, eliminating the italicized phrase. Respondent questions the sufficiency of the 1933 amendment as adding subject matter not within the title either of the original or amendatory act but, since constitutional questions will not be considered unless necessary to a decision, we express no opinion thereon.

It is clear that the order required by the last sentence of the section is not judicial. There has been no judicial inquiry resulting in a finding of sanity and the statute requires none at the time the order is to be entered. While it is to be made by a judge it is not judicial but ministerial. But not all ministerial acts may be mandated.

In the instant case the certificate contains as the sole reason for discharge the italicized clause. Relatrix says that it is synonymous with the alternative ground "has been restored to mental health." But a patient may be harmless though incurably insane in which case he may be released "to make room for recent cases." From this certificate respondent may

properly infer, in the absence of information to the contrary, that relatrix belongs to such a class. In fact, the failure of the certificate to show that she "has been restored to mental health" warrants an inference that the opinion of the superintendent is to the contrary. In the pleadings before us relatrix makes allegations to the effect that she has fully recovered, showing that she attended school after her release and now is employed in Colorado, but respondent disclaims information on the subject other than that contained in the certificate.

"It is a fundamental principle that courts will not employ their coercive process to compel the doing of a useless thing. Particularly is this true with respect to such a summary and expeditious process as mandamus. The writ is invariably withheld where it would be unavailing, nugatory, or useless and its issuance an idle act." 34 Am. Jur. *Mandamus,* § 37.

The desire of relatrix for the entry of this order seems to be founded on a misconception of its effect. Her "Reply to Respondent's Return" says that her "liberty, her right to manage her own property, and her very life is at stake." This desperate situation is not shown by the record. A life depending on this order must already be hanging by a thread. Her liberty was at the disposal of the superintendent who gave it to her before he issued the certificate. It will not be affected by the order. Nor will the order restore the "right to manage her own property." It has long been held in Indiana, so far as we know without dissent, that a guardian may not be appointed for an insane person without a prior adjudication of unsoundness of mind. *Coon* v. *Cook* (1855), 6 Ind. 268, 272. See *Robeson* v. *Martin* (1884), 93 Ind. 420. This is the rule in most of the states, 32 C. J. *Insane Persons,* § 249,

p. 653, n. 53, though there is a division of authority upon the subject. 25 Am. Jur., *Guardian and Ward,* § 22. Likewise it has been held that a guardianship may not be terminated, except by death, until there has been a judicial inquiry as to the ward's capacity to manage his own estate. *Soules* v. *Robinson* (1902), 158 Ind. 97, 100, 62 N. E. 999, 1000.

Respondent has pointed to the statute, § 8-215, Burns' 1933, under which there may be an adjudication of restoration to sanity. Relatrix says that it is not applicable. If the guardianship was created pursuant to the statute of which this section is a part it is her only remedy. If the only adjudication of insanity was under § 22-1207, we see no reason why the same remedy is not available. It may not be exclusive. If she does not choose to make use of it, nevertheless, prerequisite to termination of the trust is an adjudication in some judicial proceeding that she has regained her sanity. A court having jurisdiction to adjudicate the necessity for the guardianship and to make the appointment certainly has power to adjudge that the necessity no longer exists. If by petition therein raising the issue, under the safeguards of due process, the court after hearing evidence should find her sane and proceed to terminate the guardianship, we would not be inclined to hold insufficient the judgment entered therein, but an order entered pursuant to § 22-1218 is no such judgment. Since entry of the order will accomplish nothing of substantial benefit to relatrix we shall not compel respondent to perform "an idle act."

The petition for a writ of mandate is denied.

NOTE.—Reported in 60 N. E. (2d) 527.