HAMMOND CITY COURT, HAMMOND, INDIANA, ET AL. *v.*
STATE OF INDIANA EX REL. HOFBAUER

[No. 30,601. Filed June 30, 1965. Rehearing denied April 7, 1966.]

*G. Edward McHie* of *Peters, McHie, Enslen & Hand,* of Hammond, for appellants.

*Richard O. Olson,* of Chicago, and *Owen W. Crumpacker, Kenneth D. Reed,* and *Crumpacker, Burbach & Abrahamson,* of Hammond, for appellee.

ACHOR, J.—Appellee Hofbauer was charged with the violation of a city ordinance in the Hammond City Court. He filed a timely motion for change of venue from the county, which motion was denied. Thereafter he filed an action in the Lake Circuit Court seeking an order mandating the appellants herein to grant the change of venue. The Judge of the Circuit Court entered a judgment mandating such change of venue. It is from this judgment that this appeal is taken.

Thus the issue presented to this court for determination is whether a change of venue from the Hammond City Court in Lake County, to a circuit or superior court of another city, is authorized by the controlling statutes. Admittedly, the controlling statutes and the cases of this court construing such statutes present a confusing status in the law from which both parties to the action can find authority for their respective but conflicting positions.

Both the appellants and appellee agree that ch. 129, § 215 of the Acts of 1905 [§ 4-2401, Burns' 1946 Repl.], which originally provided for the establishment of city courts, specifically provided that there be no change of venue therefrom except "a change of venue from the judge . . ."[1] Also, § 217 [§ 4-2403] provided that appeals from city courts be taken to the circuit or criminal court of the county and that trial in the latter courts should be do novo.[2]

However, at this point agreement between the parties ends, and this court finds itself in the position where it must give consideration to the various statutes and decisions of this court during the last 60 years in order to decide the issue with which we are here presented.

---

1. "No change of venue shall be taken from such court, but any defendant may take a change of venue from the judge thereof and a special judge may be appointed, as provided by law in relation to the circuit court." Acts 1905, ch. 129, § 215, p. 219 [§ 4-2401, Burns' 1946 Repl.].

2. "Appeals may be taken from the judgment of such court to the circuit or criminal court of the county, and in the same manner as provided by law for appeals from justices of the peace. . . ." Acts 1905, ch. 129, § 217 [§ 4-2403, Burns' 1946 Repl.].

In 1921, the legislature passed an act entitled "An act concerning courts of limited jurisdiction . . ." [Acts 1921, ch. 215, § 1, et seq.] [§ 4-2701, et seq., Burns' 1946 Repl.]. Section 1 of the act, which, by intricate classification, made it effective solely as to the city of Hammond, increased the jurisdiction of that court over actions in which the demand did not exceed $2,000.

Section 2 changed the law with respect to appeals from such court by providing that such appeals "shall be taken to the circuit or superior court in the same manner as appeals are now taken from judgments rendered in the circuit court to the Appellate Court, except as in this act otherwise provided. . . ." In other words, this section, in effect, provided that the appeal to the circuit or superior court would be made on the basis of the record made in such city court and that the case would not be tried de novo as was the practice prescribed for all other city courts under § 215 of the Acts of 1905, *supra*.

Section 4 of the act prescribed the procedure by which defaults might be set aside *"in any city court . . ."* [Our emphasis.]

Section 5 provided that the bailiff of *"any city court"* should be appointed by the judge of such court. [Our emphasis.]

Subsequent legislatures further modified the 1921 act, enlarging the number of courts which fell within its provision and enlarging the jurisdiction of certain of said courts.

In 1951, the legislature passed an amendment to § 4, *supra*, which presumed to authorize a change of venue from any city court to the circuit or superior courts of an adjoining county. It is upon the authority of this statute that the judgment before us is made to rest. This amendment merely added a second sentence. This section as amended is as follows:

> "Hereafter, defaults may be set aside *in any city court* as now provided by law for the setting aside of defaults by the justice of the peace. The venue of any civil action pending *in any city court* shall be changed as now or here-

after provided by law for a change of venue in any civil action in the circuit or superior courts of this state, upon the application of either party, made upon affidavit showing one or more of the causes for a change of venue from such circuit or superior courts." Acts 1951, ch. 165, § 1, p. 427 [Burns Ind. Stat. Anno. § 4-2704 (1964 Supp.)]. [Our emphasis.]

At this point in the legislative history of the case, it seems appropriate that we state the reasons in support of appellants' contention that the judgment of the trial court was contrary to law. First, they assert that the 1951 act, or that part as amended, is unconstitutional because of the defect in the title thereto and, secondly, because the legislature in 1961 re-enacted § 215 of the Acts of 1905, which specifically prohibited changes of venue from the court but provided for changes of venue from the judge [§ 4-2401, Burns' 1964 Supp.], thereby repealing by implication the 1951 amendment of the Acts of 1921, herein relied upon by appellee.

Since the decision in this case can be made to rest solely upon appellants' second contention, it is decided upon that issue. It is an established precedent of the law that cases presented to the court will not be decided upon constitutional grounds if they can be decided upon other grounds. *East Lake Lot Owners Ass'n* v. *Town of Prince's Lakes* (1965), 246 Ind. 333, 205 N. E. 2d 821 (on pet. to reconsider) ; *State, Gross Inc. Tax Div. et al.* v. *Pearson Constr. Co.* (1957), 236 Ind. 602, 141 N. E. 2d 448; *Greene, Mayor* v. *Holmes* (1929), 201 Ind. 123, 166 N. E. 281; *Meno* v. *State* (1925), 197 Ind. 16, 148 N. E. 420, 164 N. E. 93.

Section 215, Acts 1905, as re-enacted in 1961 [§ 4-2401, *supra*], provides in part:

"The judicial power *of every city* of the first, second, third and fourth classes, shall be vested in a city court. . . . *No change of venue shall be taken from such court,* but any defendant may take a change of venue from the judge thereof and a special judge may be appointed, as provided by law in relation to the circuit court." [Our emphasis.]

It is appellants' contention that the 1961 act, being a later

act, which by implication repealed the 1951 act, is therefore controlling.

Appellee, in oral argument, contended that the 1961 act is merely the re-enactment of a *general law*, and therefore is not controlling of the 1921 act as amended in 1951, which appellee described as a *special law*.

It is acknowledged that, as a general rule, the mere re-enactment of a general law does not repeal a law enacted in the interim which deals solely with a specific aspect of a general law. However, when analyzing the 1921 act as amended by the 1951 act, we find that such special character cannot clearly be ascribed to it. In the first place, we note that the title of the act merely describes it as "An act pertaining to courts of limited jurisdiction." Thus the title is general and broad enough to cover all aspects of all city courts. It is true that §§ 1 and 2, *supra, of the 1921 act,* are related exclusively, by means of special classification, to city courts in Lake County, and to this extent the law is special in character. However, §§ 4 and 5, *supra,* are expressly related to the setting aside of defaults and the employment of bailiffs, etc., *"in any city court."* [Our emphasis.] These sections are general in character. Furthermore, it is to be noted that the 1951 amendment was an amendment to § 4 of the 1921 act, which was also general in character. It provided that:

> "The venue of any civil action pending in *any city court* shall be changed as now or hereafter provided by law for a change of venue in any civil action in the circuit or superior courts of this state, . . ." [Our emphasis.] § 4-2704, Burns' 1964 Supp.

Thus the 1951 amendment to the 1921 act related itself universally to all city courts of the state and as such cannot be said to be a special act. For this reason it is not removed from the repeal by implication, as was effected by the 1961 act which specifically denied the right to such change of venue from the city court *"of every city* of

the first, second, third and fourth classes [in which city courts are authorized]." (Our emphasis.) [§ 4-2401, *supra*.]

In considering the effect of laws which may repeal other laws by implication, this court has said many times that we will endeavor to give that construction to the law ██ which will effect the intention of the legislature. *County Dept. of Pub. Welfare* v. *Nichols' Estate* (1945), 223 Ind. 467, 474, 62 N. E. 2d 145 ; 26 I. L. E. Statutes § 84, p. 296. Under the law prior to the 1961 re-enactment of the 1905 act, our courts were confronted with an irrational and impractical situation wherein it was provided that *appeals* from *all city courts* should be taken to the circuit or superior courts of the county in which such city courts were located. However, the parties could, by the mere filing of an unverified statement, cause the action to be transferred directly to the circuit or superior court of an adjoining county, thus avoiding the appellate process specifically provided for in the law. A further weakness in the law existed because of the fact that defendants against whom "small claims" were filed in a city court could, with almost certainty, avoid the collection of such claims by taking a change of venue from the county and then demanding trial by jury. The dual effect was a judicial process which made possible (1) the avoidance of legitimate small claims because of excessive inconvenience and delay and expense of prosecution and (2) the imposition of an unwarranted burden of such "small claims" litigation in the inferior courts of one county upon the circuit and superior courts of adjoining counties. We have reason to believe that the legislature in re-enacting the 1905 act was aware of this anomolous and incongruous status of the law and that they intended thereby to rectify the situation. If the legislature intended otherwise, the intention could easily have been expressed by an appropriate modification when it had the 1905 act under consideration.

The 1961 act expressly covers the subject of changes of venue from *all* city courts of "first, second, third and fourth

classes." [§ 4-2401, *supra.*] Thus by implication it repealed the 1951 amendment [§ 4-2704, *supra*] without specifically so providing. *State ex rel. Blieden* v. *Gleason* (1946), 224 Ind. 142, 65 N. E. 2d 245; *DeHaven* v. *Municipal City of South Bend* (1937), 212 Ind. 194, 7 N. E. 2d 184, appeal dismissed 302 U. S. 644. See also: *Payne, President et al.* v. *Buchanan, et al.* (1958), 238 Ind. 231, 148 N. E. 2d 537, reh. den. 150 N. E. 2d 250; 26 I. L. E. *Statutes* § 84, pp. 295-96.

For the reasons hereinabove stated, we conclude that the appellee was not entitled to the change of venue to another county.

Judgment reversed.

Jackson, C. J., concurs in result. Arterburn, Landis & Myers, JJ., concur.

NOTE.—Reported in 208 N. E. 2d 682.