ELIZABETH SALOOM *v.* JOHN R. HOLDER AND THE CITY OF INDIANAPOLIS.

[No. 572A215. Filed October 18, 1973. Rehearing denied March 14, 1974. Transfer denied May 24, 1974.]

R. *Davy Eaglesfield, III, Barnes, Hickam, Pantzer & Boyd,* of Indianapolis, for appellant.

*Gary R. Landau,* Corporation Counsel, *Charles B. Huppert,* Deputy Corporation Counsel, of Indianapolis, for appellee.

## CASE SUMMARY

BUCHANAN, P.J. — Plaintiff-Appellant Elizabeth Saloom (Saloom) appeals from a judgment entered by the trial court dismissing her action for false imprisonment and arrest against police officer John R. Holder (Holder) and the City of Indianapolis (City) arising out of her arrest under municipal ordinances alleged by Saloom to be unconstitutional.

We affirm.

## FACTS

The facts most favorable to the action taken by the trial court are as follows:

On June 19, 1969, Holder, an Indianapolis city policeman, without a warrant arrested Saloom at her home for taunting a police officer and being a disorderly person, in violation of two Indianapolis city ordinances[1] which provided for imprisonment as a possible penalty. Saloom had committed these offenses in Holder's presence.

---

1. The ordinances in question were Municipal Code of Indianapolis—1951, § 10-1021, "Interfering with, or taunting officer," and § 10-402, "Disorderly persons," which were stipulated by the parties as the basis for Holder's arrest of Saloom. Because the decision in this case rests on grounds other than the constitutionality of these two ordinances, their exact provisions are not set forth.

Saloom was taken into custody and detained at the Marion County Jail for a short period until she was released on bail. The record does not show final disposition of these charges against her, although the Complaint alleges a forced expenditure "for fines imposed as a result of her conviction."

Saloom subsequently brought this civil action for false imprisonment against Holder and the City. At the close of the pleadings, the parties submitted a Stipulation requesting a ruling upon the constitutionality of these ordinances. Neither the pleadings nor the Stipulation set forth the specific grounds on which the ordinances were claimed to be unconstitutional.

On January 31, 1972, the trial court dismissed Saloom's action for failure to state a claim. Its entry also included certain conclusions of law (erroneously denominated "findings of law"), *i.e.*, the municipal ordinances for violation of which Saloom was arrested are misdemeanors; the municipal ordinances in question and under which Saloom was arrested are constitutional under the Indiana and United States Constitutions; it was constitutional for the City of Indianapolis to enact municipal ordinances which are misdemeanors imposing imprisonment as a sanction; and that the arrest was lawful and no liability attached to Holder for false imprisonment.

Saloom thereafter filed her Motion to Correct Errors, again without specifying the grounds for challenging the constitutionality of the two ordinances. Her Motion was overruled by the trial court, whereupon Saloom appeals.

## ISSUES

The excellent briefs of the parties couch the issues in terms of the constitutionality of the ordinances in question,[2] except

---

2. Saloom for the first time on appeal specifically challenges the constitutionality of § 10-1021, "Interfering with, or taunting officer," and § 10-402, "Disorderly persons," as being violative of Article 4, § 2, and Article 4, § 23, of the Indiana Constitution. The ordinances are tagged as local laws for the punishment of misdemeanors and therefore void as violative of these constitutional provisions, thereby depriving Holder of authority under Indiana statutory law to arrest Saloom.

that the City does recognize that the dismissal of Saloom's Complaint could be justified even if the ordinances are unconstitutional—a question not otherwise considered by the trial court or the parties. For reasons which will hereinafter appear, the constitutional issues are eliminated from consideration and the issues confined to these questions:

ISSUE ONE:　Assuming the municipal ordinances to be unconstitutional, did the trial court properly dismiss Saloom's Complaint as failing to state a claim for false imprisonment?

ISSUE TWO:　Should this court decide the constitutionality of municipal ordinances even though specific constitutional grounds were not raised prior to appeal, and even if the constitutionality or lack thereof would have no effect upon Saloom's right of recovery against Holder and the City?

As to ISSUE ONE, Saloom contends that because the ordinances are presumably unconstitutional and void ab initio, no offense was committed by her and hence the arrest was illegal.

In reply, Holder and the City argue that even if this court were to invalidate the ordinances, no liability should be imposed upon Holder. They argue that a police officer should be protected against liability in connection with an arrest pursuant to an ordinance which is subsequently declared void.

As ISSUE TWO is raised sua sponte, counsel have not addressed themselves to this question.

## DECISION

ISSUE ONE.

CONCLUSION—It is our opinion that the trial court properly dismissed Saloom's Complaint for false imprisonment because, even if we assume the municipal ordinances under which she was arrested are unconstitutional, Officer Holder

acted at least under color of lawful authority and therefore he and the City are protected from liability for false imprisonment.

Saloom would have us join her in the role of the iconoclast by striking down as unconstitutional long-standing municipal ordinances which impose imprisonment as a sanction. This invitation, which we must decline, infers that the *exclusive* way of determining Holder's (and the City's) liability for false arrest is by declaring the ordinances unconstitutional. This is not so, because Holder as a police officer could make a valid arrest for violation of ordinances subsequently determined to be unconstitutional. Our rejection of Saloom's approach is arrived at in this manner.

In theory, an unconstitutional law is void ab initio, *i.e.*, is inoperative as though it had never been passed, and is regarded as though it never had any legal force and effect whatsoever. *Oolitic Stone Co.* v. *Ridge* (1910), 174 Ind. 558, 91 N.E. 944; *State* v. *Steinwedel* (1931), 203 Ind. 457, 180 N.E. 865.

This stringent doctrine is not an absolute. Even an unconstitutional Act *has the semblance of valid law until invalidated.* It is entirely logical that public officials, acting in good faith under or pursuant to such legislation, are afforded such "color of law" as will protect them from personal liability. *Ulrich* v. *Beatty* (1966), 139 Ind. App. 174, 216 N.E. 2d 737; *City of Indianapolis* v. *Dillon* (1937), 212 Ind. 172, 6 N.E.2d 966. *See also: Dowd* v. *Grazer* (1953), 233 Ind. 68, 116 N.E.2d 108; *State* v. *Steinwedel, supra. Accord, Wilt* v. *Bueter* (1916), 186 Ind. 98, 111 N.E. 926; *Turner* v. *Sievers* (1919), 73 Ind. App. 30, 126 N.E. 504; *Stafford* v. *Childs* (1920), 75 Ind. App. 285, 130 N.E. 429.

In *Martin* v. *Ben Davis Conservancy District* (1958), 238 Ind. 502, 153 N.E.2d 125, the Indiana Supreme Court expressed the following reasons for limiting application of the "ab initio" doctrine in such circumstances:

"The theory that a law held unconstitutional is no law at all and void *ab initio* for all purposes, including retroactive invalidity, runs counter to the hard facts of life. The actual existence of a statute prior to a determination of invalidity is an operative fact. Because of such *de facto* existence and reliance upon its validity, it has practical consequences which cannot be justly ignored. The past cannot always be erased by a simple judicial decree." (Original emphasis.)

Acceptance of the "color of law" doctrine has led courts in recent times to rule that a peace officer, acting in good faith, is protected against liability arising out of an arrest for violation of a law which is subsequently held unconstitutional. *See, e.g., Pierson* v. *Ray* (1967), 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288; *McCray* v. *City of Lake Louisville* (Ky. 1960), 332 S.W.2d 837.

Dean Prosser, while applauding this development, places Indiana among those jurisdictions which follow a more restrictive rule, citing *Sumner* v. *Beeler* (1875), 50 Ind. 341. Prosser, *The Law of Torts,* § 25 (4th ed. 1971). *Sumner* has been misinterpreted. It upheld a citizen's right to sue a police officer for an illegal arrest under a statute which had been declared unconstitutional *before* the arrest, which is substantially different from an arrest by a police officer before a law has been declared unconstitutional.

While it is not unreasonable to presume that a police officer knows the law in effect at any given time in his jurisdiction, it is folly to presume he can prognosticate unconstitutionality. Courts and commentaries join in proclaiming the absurdity of requiring a law enforcement official to act at his peril in enforcing a statute or ordinance which is subsequently declared unconstitutional. *See, Pierson* v. *Ray, supra; McCray* v. *City of Lake Louisville, supra; Prosser, The Law of Torts, supra; Rapacz, Protection of Officers Who Act Under Unconstitutional Statutes* (1927), 11 Minn. L. Rev. 585.

There is, however, authority emanating from this court

which would impose such a harsh rule of liability upon *private persons* in these circumstances. In *Coleman* v. *Mitnick* (1964), 137 Ind. App. 125, 202 N.E.2d 577, one citizen caused the arrest of another for violation of a subsequently invalidated ordinance and liability was imposed for false imprisonment.

Our quest is to determine the liability, not of a private person, but of a police officer, a public servant whose ongoing duties require that he protect the peace by apprehending violators of the law. We conceive of no reason to extend the rule of *Coleman* to law enforcement officials. Rather it is just that they be protected from liability for arrests effected under ordinances or laws subsequently declared to be unconstitutional. *Martin* v. *Ben Davis Conservancy District, supra; Ulrich* v. *Beatty, supra.*

ISSUE TWO.

CONCLUSION—It is our opinion that this court cannot determine the constitutionality of these two ordinances because the record fails to disclose that the question was properly raised, and even if properly raised and the ordinances found to be unconstitutional, Saloom's Complaint was properly dismissed.

It would be an exercise in futility for us to joust with the constitutional windmill created by Saloom's attack on these municipal ordinances—and for two sound reasons.

The first reason is procedural: the record before us indicates the constitutional question was not specifically presented to the trial court, and is therefore not properly raised for review on appeal. Rule TR. 59(B) and (G).

Through the years Indiana courts have consistently held that a constitutional question is not properly raised on appeal if the trial court was not apprised of specific constitutional provisions upon which a party relies in asserting that legislation is unconstitutional. *Prunk*

v. *Indianapolis Redevelopment Commission* (1950), 228 Ind. 579, 93 N.E.2d 171; *Luttrell* v. *State* (1932), 204 Ind. 116, 183 N.E. 318; *Simmons* v. *Simmons* (1917), 186 Ind. 575, 116 N.E. 49.

The record in this case fails to disclose that the constitutional question presented to the trial judge met this standard of exactitude. Neither the Complaint, the Stipulation, nor the Motion to Correct Errors specified the provisions of the Indiana or United States Constitutions allegedly violated by the offending ordinances. The trial judge was cast adrift to shift for himself in an uncharted sea of unspecified unconstitutionality. This is insufficient specificity to enable a trial judge to render an informed intelligent decision and to preserve the question on appeal. Rule TR. 59 (B) and (G) ; *Farley* v. *Farley* (1973), 157 Ind. App. 385, 300 N.E.2d 375; 4 Harvey, *Indiana Practice* (1971), 128 and 130.

The other reason for not deciding the constitutional question is just as fundamental, *i.e.,* resolution of Saloom's constitutional claim could have no effect upon her right to recover from Holder and the City. It was our conclusion under ISSUE ONE that even if we assume, without deciding, that the ordinances were unconstitutional, Holder acted under a color of lawful authority and no liability attached. So it is unnecessary to decide the constitutional question.

Constitutional questions will not be decided unless absolutely necessary to a determination of the merits of the case. *Passwater* v. *Winn* (1967), 248 Ind. 404, 229 N.E.2d 622; *Hammond City Court* v. *State ex rel. Hofbauer* (1965), 247 Ind. 300, 208 N.E.2d 682; *Shutt* v. *State* (1954), 233 Ind. 120, 117 N.E.2d 268; *State ex rel. Codding* v. *Eby* (1945), 223 Ind. 302, 60 N.E.2d 527; *Archer* v. *City of Indianapolis* (1954), 233 Ind. 640, 122 N.E.2d 607; *Illinois Steel Co.* v. *Fuller* (1939), 216 Ind. 180, 23 N.E.2d 259.

This doctrine of judicial restraint has been repeatedly applied by the courts to cases in which the rights of the com-

plaining party would be the same whether or not the challenged enactment is held unconstitutional on appeal. *See, e.g., Knight v. Board of Commissioners of Clay County* (1913), 179 Ind. 568, 101 N.E. 1010; *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Hollowell* (1909), 172 Ind. 466, 88 N.E. 680; *State ex rel. Johnson v. Clayton* (1936), 211 Ind. 327, 7 N.E.2d 32. *See also,* 16 C.J.S., *Constitutional Law* § 94.

Also, it is well established that a judgment of a trial court will be affirmed if sustainable on any legal basis. *See, e.g., Devine v. Grace Construction & Supply Co.* (1962), 243 Ind. 98, 181 N.E.2d 862; *Snouffer v. Peoples Trust & Savings Bank* (1965), 140 Ind. App. 491, 212 N.E.2d 165; *Combs & Broderick v. Keller* (1957), 127 Ind. App. 531, 142 N.E.2d 474; 2 I.L.E., *Appeals* § 472.

For these reasons, the judgment of the trial court dismissing Saloom's action for failure to state a claim is hereby affirmed.

Sullivan and White JJ., concur.

NOTE.—Reported at 304 N.E.2d 217.

## ON PETITION FOR REHEARING

BUCHANAN, J.—Appellant (Saloom) asserts in her Petition For Rehearing that we refused to state in our opinion whether the violation of certain municipal ordinances were misdemeanors or civil offenses. Neither this issue, nor any variation of it, was argued by Saloom.

The Statement of Issues in Saloom's brief bearing on this question (Issues 1, 2, 3, and 4) are framed exclusively in terms of the assumption that violation of the ordinances in question were misdemeanors. Saloom's entire argument in her brief continues in the same vein, *e.g.,* "Appellant and appellees agree that the municipal ordinances under which appellant was arrested were misdemeanors at the time of her arrest." (Appellant's Brief, p. 9.)

Any question as to whether violations of the ordinances involved were civil or criminal have been effectively waived by Saloom. Issues not argued are waived (Rule AP. 8.3(A)(7)) and they may not be raised for the first time in the reply brief. *Flick* v. *Simpson* (1970), 145 Ind. App. 698, 255 N.E.2d 118; *Michaels* v. *Johnson* (1967), 140 Ind. App. 389, 225 N.E.2d 581; *Miller Monuments, Inc.* v. *Asbestos Insulating, etc.* (1962), 134 Ind. App. 48, 185 N.E.2d 533; *State* v. *Marion Circuit Court* (1958), 238 Ind. 637, 153 N.E.2d 327.

Ergo, the Petition is denied.

Sullivan, P.J., and White, J., concur.

NOTE.—Reported at 307 N.E.2d 890.