# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

May 18 2020, 9:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANTS

Jay Meisenhelder
Jay Meisenhelder Employment & Civil Rights Legal Services, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE PUTNAM COUNTY COMMISSIONERS

Trudy L. Selvia
Greencastle, Indiana

ATTORNEY FOR APPELLEE DONALD RICHARDS

Robert J. Nice
The Nice Law Firm
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William E. Morrison and Sonya Morrison, <br> *Appellants/Respondents,* <br><br> v. <br><br> Putnam County Commissioners, <br> *Appellee/Petitioner,* <br><br> and <br><br> Donald Richards, <br> *Appellee/Intervenor.* | May 18, 2020 <br><br> Court of Appeals Case No. 19A-CP-1372 <br><br> Appeal from the Putnam Superior Court <br><br> The Hon. Raymond M. Kirtley, Senior Judge <br><br> Trial Court Cause No. 67D01-1402-PL-3 |

**Bradford, Chief Judge.**

# Case Summary

In 2014, the Putnam County Commissioners ("the County") petitioned for a temporary restraining order ("the TRO") against William and Sonya Morrison based on violations of the County's zoning ordinance ("the Ordinance"). The trial court granted the County's request for the TRO, which apparently directed the Morrisons to remove several items from their farm ("the Property") that were not being used for agricultural purposes, including semi-trailers, flatbed trailers, and debris.[1] Over the next two years, the Morrisons made little progress, and, in November of 2016, neighbor Donald Richards intervened.

In February of 2017, Richards moved for preliminary and permanent injunctions, and the County moved for a preliminary injunction. In November of 2017, the trial court issued a permanent injunction ("the Order") in which it ordered the Morrisons to remove items from the Property that were there in violation of the Ordinance. We affirmed the Order on direct appeal. In March of 2019, the trial court found that the Morrisons had violated the terms of the Order, found them in contempt of court, and entered a $5000.00 judgment

---

[1] Neither the County's TRO petition nor the TRO itself appear in the record on appeal.

against them in favor of Richards ("the Contempt Order"). The Morrisons contend that enforcement of the Ordinance against them violates their constitutional rights to due process and equal protection of the law. Because the Morrisons have waived their constitutional arguments for appellate review, we affirm.

## Facts and Procedural History

The Morrisons own approximately thirty-five acres of land in Cloverdale, and Donald Richards owns a neighboring parcel of land. On February 7, 2014, the County petitioned for a TRO, which the trial court issued on February 10, 2014. The petition apparently included a demand that the Morrisons remove certain things, including semi-trailers, flat-bed trailers, and debris, from the Property, and the TRO apparently so provided. The TRO also apparently restrained the Morrisons from moving additional trailers and debris onto the Property. In July of 2016, the trial court found that the Morrisons were not in compliance with the TRO and ordered them to comply. On November 21, 2016, Richards intervened in the case. On February 9, 2017, Richards moved for a preliminary and permanent injunction, and the County moved for a preliminary injunction.

On September 12, 2017, the trial court held an evidentiary hearing. On November 30, 2017, the trial court issued the Order, in which it found that (1) there were items on the property not being used for agricultural purposes, including abandoned, junked, inoperable or derelict vehicles, machinery, farm machinery equipment and other debris, and (2) the Morrisons were operating a

junkyard in violation of the Ordinance. *Morrison v. Putnam Cty. Comm'rs*, Cause No. 18A-PL-462, slip op. at *1 (Ind. Ct. App. Sept. 21, 2018). The Order provided that the Morrisons were to (1) remove semi-trailers, flatbed trailers, and associated debris within thirty days; (2) remove additional tractors, trailers, motor vehicles, backhoes, bulldozers, metal scrap, and any other associated debris brought on to the Property since 2013 within ninety days; and (3) not bring any further items onto the Property, except as permitted by the Ordinance. *Id*. at *2.

The Morrisons appealed from the Order, and we affirmed, concluding that the judgment was supported by sufficient evidence. *Id*. at *3. We further concluded that the Morrisons had waived their arguments that (1) the Property was protected by a prior, nonconforming use; (2) the Order amounts to an unconstitutional taking; and (3) their use of the Property was protected by the Indiana Right to Farm Act.[2] *Id*. at *4–5. On November 20, 2018, we issued a memorandum decision on rehearing, in which we concluded that while the Morrisons' argument that the Property was protected by a prior, nonconforming use had, in fact, been properly preserved, it was nonetheless without merit. *See Morrison v. Putnam Cty. Comm'rs*, Cause No. 18A-PL-462, slip op. at *1 (Ind. Ct. App. Nov. 20, 2018) (memorandum decision on rehearing).

_____

[2] The Indiana Right to Farm Act, found at Indiana Code section 32-30-6-9, limits the circumstances under which agricultural operations may be deemed a nuisance.

[6] Meanwhile, the trial court had held compliance hearings on January 16, March 20, June 28, and September 6, 2018. On March 7, 2019, following an inspection of the Property, the trial court issued the Contempt Order, in which it found that the Morrisons had failed to comply with the Order despite having reasonable time in which to do so and without good cause. Order p. 6. The Contempt Order provided that (1) the County was authorized to enter the Property and remove items to bring it into compliance with the Order, (2) the Morrisons were to reimburse the County for any such remediation, (3) no person was to interfere with remediation, and (4) a judgment of $5000.00 was entered against the Morrisons in favor of Richards. Order pp. 6–7. On May 16, 2019, the trial court denied the Morrisons' motion to correct error.

# Discussion and Decision

[7] We begin by noting that the County did not file an appellate brief in this matter.[3] We do not develop arguments on behalf of an appellee who fails to file a brief. *WindGate Props., LLC v. Sanders*, 93 N.E.3d 809, 813 (Ind. Ct. App. 2018). In such cases, we will reverse if the appellant establishes *prima facie* error, meaning error at first sight or error on the face of it. *Id*. That said, even

---

[3] The County has filed a notice regarding its decision to forego filing an appellate brief in this matter, expressing its desire to rely on the brief it filed in the Morrisons' previous appeal and its willingness to file a brief should we request one. We decline the County's request to rely on its brief in the previous appeal and its invitation to determine whether it should file a brief in this one. First, the Morrisons' previous appeal addressed the validity of the Order and this appeal challenges the sanctions imposed on the Morrisons' for failing to comply with the Order, so we fail to see how briefing in the former could have relevance in the latter. Moreover, we decline the County's seeming invitation to assist it in formulating its litigation strategy by deciding whether it should file an appellate brief. An appellee is, of course, under no obligation to file a brief, but the decision whether to file should be the appellee's and the appellee's alone.

in light of this relaxed standard, we still have the obligation to correctly apply the law to the facts in the record to determine whether reversal is required. *Id*. Because Richards *has* filed a brief, if the *prima facie* error doctrine is to benefit the Morrisons, it will do so only to the extent that their arguments apply solely to the County.

[8] The Morrisons appeal from the denial of their motion to correct alleged error in the Contempt Order. "The standard of appellate review of trial court rulings on motions to correct error is abuse of discretion." *Paragon Family Rest. v. Bartolini*, 799 N.E.2d 1048, 1055 (Ind. 2003). Judgments of contempt are also reviewed for an abuse of discretion. *Mitchell v. Stevenson*, 677 N.E.2d 551, 558–59 (Ind. Ct. App. 1997), *trans. denied*. A trial court has abused its discretion when its decision is against the logic and effect of the circumstances. *Id*.

[9] The Morrisons argue that the enforcement of the Ordinance in this case, up to and including the Contempt Order, violates their constitutional rights to due process and equal protection of the law. They argue, essentially, that they are being unfairly singled out for punishment while others in the County with properties in similar condition are not being punished. We need not address these constitutional arguments on their merits, however, as they have been waived for appellate review. As Richards points out, the Morrisons point to nothing in the record to indicate that they raised any of these constitutional arguments in the trial court, and our own review of the record reveals no sign that they did. "Indiana courts have consistently held that a constitutional question is not properly raised on appeal if the trial court was not apprised of

specific constitutional provisions upon which a party relies in asserting that legislation is unconstitutional." *Saloom v. Holder*, 158 Ind. App. 177, 183, 304 N.E.2d 217, 221 (1973). Moreover, "[a]s a general rule, a party may not change its theory on appeal and present arguments that are different from those raised in the trial court." *In re Paternity of T.M.Y.*, 725 N.E.2d 997, 1002 (Ind. Ct. App. 2000), *trans. denied*. Because the Morrisons have raised their constitutional arguments for the first time in this appeal, we will not consider them. *See, e.g.*, *Whizfield v. State*, 699 N.E.2d 666, 669 (Ind. Ct. App. 1998) ("However, because this argument was raised for the first time on appeal, it will not be considered."), *trans. denied*.

[10] The judgment of the trial court is affirmed.

Baker, J., and Pyle, J., concur.