GERSON ELECTRIC CONSTRUCTION CO., Plaintiff-Appellant, *v.* HONEYWELL, INC., Defendant-Appellee.

First District (3rd Division)   No. 81—2643

Opinion filed August 10, 1983.

Howard P. Kamin and David E. Muschler, both of Lawrence, Lawrence, Kamin & Saunders, of Chicago, for appellant.

Terrence E. Kiwala and Margaret S. Garvey, both of Rooks, Pitts, Fullagar & Poust, of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, an electrical contractor, brought this action in two counts against defendant, an electrical subcontractor and supplier, for defendant's refusal to perform pursuant to a bid which it submitted to plaintiff for work on a certain public construction project. Plaintiff sued under contract and promissory estoppel, alleging that the nature of the subject project made it impossible to substitute another subcontractor once the time for submitting bids on the prime contract had elapsed; that it was the low bidder and its bid would therefore have been accepted had defendant not refused to perform at its specified bid price. Plaintiff was subsequently allowed to withdraw its bid on the prime contract, and brought this action to recover its lost profits. The trial court granted the defendant's motion to dismiss both counts. We affirm in part, reverse in part and remand for further proceedings.

The following facts are alleged in plaintiff's amended complaint: Plaintiff intended to submit a bid for the electrical work, together with security, communication and audio visual systems which was required pursuant to certain specifications (SCAV work) to the Cook County Institute of Forensic Medicine, office of the medical examiner (the Project). Plaintiff discussed the SCAV work with representatives of defendant corporation for the purpose of having defendant submit a bid to plaintiff for the work. Along with its bid on the Project, plaintiff was required to submit a design for the proposed system for the SCAV work to be supplied by its subcontractor. Prior to plaintiff's bid, defendant submitted to plaintiff a SCAV design which included items of equipment manufactured by defendant. On the morning that bids on the Project were due, defendant submitted an oral bid to plaintiff to perform the SCAV work for $127,500. Plaintiff included

defendant's bid in its own bid, which it submitted that day, along with defendant's SCAV design. When the bids to the owner were opened, it is alleged that plaintiff was the low bidder and entitled to the prime contract. Defendant subsequently refused to perform the SCAV work for its bid price, however, as a result of which plaintiff was forced to withdraw its own bid because it could not perform the prime contract without defendant's SCAV design which included equipment manufactured by defendant, nor could it substitute another subcontractor to complete the work according to defendant's design. Plaintiff alleges lost profits in the amount of $95,000 as a result of defendant's failure to perform pursuant to its bid.

On appeal, plaintiff argues that a contract existed between the parties which was breached by defendant's refusal to perform in accordance with its bid, and alternatively that promissory estoppel applies to the instant situation.

Initially, defendant points to the fact that nowhere does plaintiff allege its refusal to perform under *any* circumstances; rather, the amended complaint states only that defendant refused to perform at its bid price of $127,500 and, in fact, plaintiff's original complaint alleged that defendant demanded $314,500 for the work. A "reasonable inference," defendant argues, is that it would have performed the work at the higher price had plaintiff proceeded with its bid on the Project and in fact been awarded the prime contract. Under these circumstances, there is no question but that a contract would have been formed between the parties. While this is an accepted practice in the industry, based on a policy of mitigating damages (see, *i.e.*, J. Calimari & J. Perillo, Contracts 538-40 (2d ed. 1977)), the conduct suggested by defendant would be totally unrealistic under the instant facts; had plaintiff performed pursuant to the amount allegedly demanded by defendant, its claim (and ensuing cause of action against defendant) would have amounted to $217,000, greater than two times the amount it now seeks in lost profits.

█ Based on the record before us, we believe that the trial court correctly dismissed count I of plaintiff's complaint for breach of contract where, as here, plaintiff merely used defendant's bid in submitting its own bid and did not go on to perform the prime contract. (See, *i.e.*, *Premier Electrical Construction Co. v. Miller-Davis Co.* (7th Cir. 1970), 422 F.2d 1132, 1135, *cert. denied* (1970), 400 U.S. 828, 27 L. Ed. 2d 58, 91 S. Ct. 56, and cases cited therein; *Janke Construction Co. v. Vulcan Materials Co.* (W.D. Wis. 1974), 386 F. Supp. 687, *aff'd* (7th Cir. 1976), 527 F.2d 772.) Nevertheless, we believe that, accepting all well-pleaded facts as true, plaintiff would be entitled to

recover under the theory of promissory estoppel and that the trial court therefore erred in dismissing count II of plaintiff's complaint.

The application of promissory estoppel requires that there be a promise unambiguous in terms; that there be reliance on such promise by the party to whom it is made; that this reliance be expected and foreseeable by the party making the promise; and that the one to whom the promise is made in fact relies upon it to his injury. (*S. M. Wilson & Co. v. Prepakt Concrete Co.* (1974), 23 Ill. App. 3d 137, 139, 318 N.E.2d 722; see also Restatement (Second) of Contracts sec. 90 (1981).) Under the Restatement view, the promissor would be affected only by reliance which he does or should foresee, and enforcement must be necessary to avoid injustice. (Restatement (Second) of Contracts sec. 90, comment b (1981).) The facts before us clearly present such a situation. The only remaining question, therefore, is whether plaintiff can recover under this doctrine where, as here, the only damages alleged are loss of profits. We believe that the circumstances before us require such a finding.

Defendant argues that because plaintiff was not ultimately compelled to perform the prime contract, it did not suffer the requisite "detrimental reliance" for recovery under promissory estoppel. Defendant relies on numerous construction cases from other jurisdictions in which the doctrine has been applied, in each of which the subcontractor repudiated his bid after the general contractor was awarded the prime contract. While that is the more common situation in construction bid cases invoking promissory estoppel, we do not find any of the precedents cited by defendant to undermine plaintiff's position here; none of these cases requires an award of the prime contract as a *precondition* to recovery under the doctrine, nor do we believe that such a uniform restriction was intended by its drafters. We therefore reject defendant's argument that lost profits are simply not recoverable under any circumstances in which the doctrine is applied. Rather, as recognized by the court in *Hoffman v. Red Owl Stores, Inc.* (1965), 26 Wis. 2d 683, 133 N.W.2d 267, a case relied upon by defendant, no single approach to damages is appropriate in all situations in which the doctrine is invoked, but damages should be only such as in the opinion of the court are necessary to prevent injustice. Such a policy decision necessarily embraces an element of discretion. (26 Wis. 2d 683, 698, 133 N.W.2d 267, 275.) The court went on to warn that "[m]echanical or rule of thumb approaches to the damage problem should be avoided." 26 Wis. 2d 683, 701, 133 N.W.2d 267, 276; see also *Chrysler Corp. v. Quimby* (1958), 51 Del. 264, 144 A.2d 123.

Finally, the Seventh Circuit specifically rejected the restrictive ap-

proach urged by defendant here and authorized the award of lost profits in promissory estoppel cases in *Walters v. Marathon Oil Co.* (7th Cir. 1981), 642 F.2d 1098. Plaintiffs in *Walters* had purchased a service station in reliance upon the promises and representations of defendant with regard to the furnishing of gasoline products. Defendant then refused to execute the agreement to furnish such products and plaintiffs sued, alleging lost profits as a direct result of their reliance on defendant's promise. Defendant argued that since the value of plaintiffs' investment had appreciated, they could recoup all that they had spent in reliance on defendant's promise. The court rejected defendant's argument, finding that where plaintiffs had suffered a loss of profits as a direct result of their reliance upon the promise made by defendant, the amount of lost profits was ascertained with reasonable certainty and that plaintiffs had taken reasonable steps to mitigate their damages, an award of damages based on lost profits was appropriate in order to do complete justice.

■ Based on the foregoing, we find that plaintiff has at least stated a cause of action in promissory estoppel and should be given the opportunity to prove its alleged damages at trial.

The dismissal of count I is affirmed. The dismissal of count II is reversed and the cause remanded for further proceedings.

Affirmed in part, reversed in part and remanded.

McNAMARA, P.J., and McGILLICUDDY, J., concur.